## Manifold's Estate.

A father being surety for his son, died intestate leaving real estate, which was sold by his administrators for the payment of debts; upon a question of distribution of the balance after payment of debts, it was held that a judgment creditor of the son was not entitled to any part of the fund by reason of his lien on the land; the liability of the intestate for his son being greater than his distributive share.

THIS was an appeal from the decree of the Orphans' Court of *York* county. John Manifold in his lifetime became the surety in a note of his son Henry to Robert Smith, upon which a judgment was entered against both. He then died intestate, leaving his son Henry and several other children. On the 6th of February 1838, Robert M'Donald and wife obtained a judgment against Henry Manifold for $200: after which, the administrators of John Manifold sold the real estate of the intestate by an order of the Orphans' Court for the payment of debts. Out of the proceeds of this sale the administrators paid the debt of Robert Smith: and after the payment of all the debts of the intestate there was a balance in their hands for distribution among the heirs. M'Donald and wife claimed by virtue of their lien upon the interest of Henry in his father's land to receive the amount of their judgment out of his distributive share. This was resisted by the other parties in interest, on the ground that the liability of the father for his son, which was discharged by the administrators, exceeded the amount of his distributive share. The court below (DURKEE, President) decreed that M'Donald and wife were not entitled to any part of the fund.

*Fisher*, for the appellant, argued that M'Donald and wife's judgment was a lien upon the share of the real estate which descended to the son upon the death of the father; and that the administrators were bound to discharge liens, that the purchaser might have a clear title. 1 *Watts* 309; 8 *Serg. & Rawle* 315; 3 *Watts* 320.

*Mayer*, contra, contended that M'Donald could not be in any better situation than the son himself; he stood but in the nature of an assignee of his interest in his father's estate, and that interest was subject to all the equities which existed between the estate and the heir. 2 *Yeates* 324.

The opinion of the Court was delivered by
ROGERS, J.—John Manifold died intestate. In his lifetime he became his son Henry's surety in an amount exceeding Henry's

[Manifold's Estate.]

purpart of the estate, and this the administrators since the death of the intestate, have been compelled to pay. The real estate was sold by order of the Orphans' Court for the payment of debts, and the surplus is now in court for distribution. Before the sale, a judgment was rendered against Henry, which the appellant contends should be paid out of his share of the estate. If the contest was between the other distributees and Henry, it would not admit of a reasonable doubt, that the latter was entitled only to what remained after deducting the amount paid by the administrators on his account, which in the case in hand is nothing at all. But the appellant can be in no better situation than his debtor; for a creditor, although he pursues his debt to judgment, cannot, as against the other distributees, better his condition. He succeeds to the rights of his debtor, and nothing more; and as the administrators may retain against Henry, for the same reason they may set off the debt they have been compelled to pay against his creditor. A judgment creditor is not a purchaser; but aside of this objection, which would be conclusive against the appellant, a purchaser of the real estate would be liable to the same equity in favour of the other distributees; for it would be his duty to inquire into the debts of the deceased, and he must purchase at the risk of discharging all liens arising in favour as well as against the estate. It matters not, that the debt was paid since the death of the intestate, as it was a contingent liability of his, and on payment of the debt by the administrators an equity arises, which relates back to the time of the death of the intestate, and this equity cannot be disturbed by any act of the distributees, nor can it be displaced by a subsequent judgment obtained by his creditors. A purchaser can acquire only the interest of the heir, whatever that may be ascertained to be after final settlement of the estate, deducting contingent as well as immediate liabilities. In conclusion, I must remark, that there is no reason to doubt that the intestate was but surety for the debt. From this it results, that it is but common justice that Henry's creditor should not be permitted to participate in the fund to the injury of the other heirs or of the creditors of the intestate.

Decree affirmed.