No. 12,161.

## BENNETT, ADMINISTRATRIX, v. BENNETT.

APPEAL.—*Decedents' Estates.*—*Mandate.*—An application by an administratrix to sell real estate was resisted by a surviving partner of the intestate, upon the ground that the property belonged to the partnership, and its proceeds were necessary to pay debts of the firm, whereupon, by agreement, the sale was decreed and an order entered that so much of the purchase-money as was necessary to discharge the firm liabilities should be paid by the administratrix to the surviving partner. Upon refusal of the administratrix to so pay, the surviving partner instituted, in the same court, a proceeding in form for mandamus to compel payment. The proceedings were treated as in mandamus and ended in a final order compelling the payment.

*Held,* that, notwithstanding the novel form of the proceeding, its substance invoked only the probate jurisdiction of the court in the matter of the estate, and an appeal from the final order not taken within the time required by sections 2454–2457, R. S. 1881, should be dismissed.

From the Pulaski Circuit Court.

*J. C. Nye* and *H. Burns,* for appellant.

*N. L. Agnew* and *B. Borders,* for appellee.

ZOLLARS, J.—The appeal, on motion of appellee, was dismissed, because the "decision" or judgment in the case was regarded as one having "grown out of a matter connected with a decedent's estate," as provided in R. S. 1881, sections 2454 to 2457, both inclusive. Upon the motion to reinstate the case, appellant's counsel contend, very earnestly, that the case does not come within these sections, and that hence appellant had a year within which to appeal, as in ordinary cases under the code.

Appellee commenced this proceeding below by filing what is styled a complaint for a writ of mandate against appellant, as the administratrix of the estate of Nelson B. Bennett, deceased. The substance of the so called complaint is that appellant, as such administratrix, previous to the filing of the complaint herein, had filed her petition to sell the undivided one-half of a certain lot, and to that proceeding made

appellee a party. He appeared and resisted the making of an order of sale, on the ground that he and decedent had been partners; that the lot was partnership property, and that it, or the amount for which it might sell, would be necessary to pay the partnership debts. By agreement of the parties, however, appellant was ordered by the court to sell the undivided one-half of the lot, and out of the first money that might be realized from such sale, pay over to appellee "the sum of $250, or a sufficient amount to pay the debts of the firm." Under this order, appellant sold the real estate, and at the time this proceeding was instituted had the money derived from the sale. It is further averred in the so called complaint herein, that appellant refused to pay over to appellee any portion of the money, on the ground that he, as the surviving member of the firm of Bennett & Brother, had in his possession sufficient assets of the firm to pay all of the firm debts, and that hence the amount derived from the sale of the undivided one-half of the lot belonged to the estate of the deceased partner, of which estate appellant was the administratrix. There are the further averments, that $352.50 of the amount for which the real estate sold, and which was in the hands of appellant, is required to pay the debts of said firm. The prayer of the complaint is that a writ of mandate issue against appellant to compel her to pay over to appellee $352.50.

Upon this complaint, a writ was issued, and upon its return, and the appearance of appellant, she demurred to the complaint. This demurrer was overruled and she excepted. After joinder of issues, the case was tried, and the court made an order that appellant, as such administratrix, should, within ten days, pay over to appellee, as the surviving member of said firm, the sum of $300. From this order and judgment appellant appealed, but did not file the transcript here within twenty days subsequent to the judgment, as required by the above sections of the statute, but did file it within the year as provided in the code.

If the case comes within the above sections of the statute, the appeal was properly dismissed, otherwise not. This is the question for decision, raised by the motion to reinstate. That the decision below grew out of a matter connected with a decedent's estate must be clear. The lot, the undivided one-half of which appellant, as administratrix, was seeking to sell, and did sell, was partnership property, and subject to the payment of the partnership debts. The decedent owned the undivided one-half of the lot subject to those debts. If there were no firm debts, or if appellee, as the surviving member, had in his possession firm assets sufficient to pay all of the debts of the firm, the undivided one-half of the lot belonged to the decedent or to his estate. In making the order of sale, it seems to have been adjudicated upon the agreement of the parties that at least $250 of the money that might be realized from the sale of the one-half was needed for the payment of the partnership debts. Whether or not more would be needed, was left an unsettled question. Whether much or little, all that might not be thus needed belonged to the estate represented by appellant. Whatever might be needed or might be ordered paid reduced the estate so much, and the estate could not be finally settled until appellee's claim should be in some way finally disposed of. The court's order, therefore, directing appellant to pay over to appellee $300, was very clearly a decision growing out of a matter connected with a decedent's estate. It was, too, an order in support of the previous order made in the proceeding directly looking to the closing up of the estate. As we have seen, as a part of the judgment ordering the sale there was the further order that out of the money that might be derived therefrom, appellant should pay over to appellee $250, and as much more as might be necessary to meet the partnership liabilities. This order the court had authority to enforce at any time by a subsequent order. The fund derived from the sale was in the hands of the administratrix, and thus in the custody of the court and subject to the orders of the court,.

as the administratrix was also subject to the orders of the court. If any part of the fund did not belong to the estate but in any sense to appellee as such surviving partner, the court had authority, on proper application, to order that amount to be paid over to him, and this authority the court clearly had, sitting as a probate court exercising probate jurisdiction. The $250 and indeed as much more as might be necessary to pay the partnership debts had, by the agreement of the parties, been ordered to be paid over. Nothing remained to be done except to pay over that amount, and to determine and pay over an additional amount if necessary, unless for sufficient cause the court might by a subsequent order otherwise direct. Whatever order the court might make in the premises would necessarily be by the exercise of its probate jurisdiction in dealing with the fund, the estate, and the administratrix, and hence the application for such an order should be so addressed to the court as to invoke the exercise of its probate jurisdiction.

Appellant's counsel are clearly right in their contention that the remedy by mandamus is in no sense the proper remedy to accomplish the end sought by appellee in the case before us. But here counsel carry the argument too far, by contending that because what should have been treated as an application to the court, was styled a complaint for mandamus, and because the court below seems to have so treated it, therefore appellant had a year in which to appeal.

That the court below may have treated the proceeding as one by mandamus does not alter the fact that the decision made in the case was one growing out of a matter connected with a decedent's estate.

If the form of the proceeding adopted below were one specially provided by the civil code in such cases, then the case of *Rusk* v. *Gray,* 74 Ind. 231, and cases like it, cited by counsel, would be authority. But to argue that mandamus is in no sense the proper remedy in a case of this character is to argue the case in hearing out from under the rule

laid down in those cases. And to argue that because appellee misnamed the proceeding instituted by him, and the court acted upon that misnomer, appellant had a year within which to appeal, is to substitute form for substance. If the so-called complaint states sufficient facts to authorize the action of the court, and these facts were established by the evidence, it is of but little consequence what the proceeding may have been called. The court below must have regarded the facts averred and proved to be sufficient to authorize the order made, and hence made it. This order is the decision by which appellant felt herself aggrieved, and from which she appealed. And this decision is clearly a decision growing out of a matter connected with the decedent's estate, and a decision, an appeal from which should have been perfected within the time limited by the above sections in the decedents' act. It is, perhaps, not necessary that any further opinion should be expressed, but we observe in passing that the complaint is such as to subserve the purposes of an application, and states facts sufficient to authorize the action and order of the court below.

Upon a re-examination of the questions involved we are constrained to hold that the appeal was not taken in time, that it was properly dismissed, and that the motion to reinstate should be overruled. The motion is, therefore, overruled.

