Rinehart *et al. v.* Vail, Administrator, *et al.*

The judgment is reversed, with costs, and the cause remanded for further proceedings.

Filed Oct. 7, 1885.

———————◆———————

No. 11,881.

RINEHART ET AL. *v.* VAIL, ADMINISTRATOR, ET AL.

DECEDENTS' ESTATES.—*Sale of Real Estate by Administrator.*—*Appeal.*—The proceeding for the sale of real estate by an administrator is regulated exclusively by the act for the settlement of decedents' estates, and an appeal by an aggrieved party must be taken under the provisions of such act.

SAME.—*Filing Appeal Bond and Transcript.*—*Time.*—*Dismissal.*—*Practice.*—Under sections 2454 and 2455, R. S. 1881, and the amendment of 1885 (Acts 1885, p. 194), an appeal bond must be filed, except where the administrator appeals, within ten days from the date of the decision, and the transcript must be filed within thirty days from the filing of the bond, unless, for good cause shown, the Supreme Court shall direct such appeal to be granted, on the filing of a bond, within one year; otherwise the appeal will be dismissed.

From the Dearborn Circuit Court.

*S. P. Thompson,* for appellants.

*D. Turpie, H. D. McMullen, J. D. Haynes* and *J. K. Thompson,* for appellees.

MITCHELL, C. J.—This was a proceeding commenced in the Dearborn Circuit Court by the petition of Benjamin F. Vail, administrator, for the sale of the real estate of Sarah A. Vail, deceased, to pay the debts of the decedent.

The lands for the sale of which the administrator petitioned were situate in Pulaski county, Indiana. The heirs at law and others, including the appellants, were made defendants. The petition was heard and determined in the Dearborn Circuit Court, that being the court having the administration of the estate in charge.

The appellants demurred to the petition, and after the de-

murrer was overruled, they answered in abatement. De-
murrers were sustained to the answers in abatement, after
which, upon issue made by denial, there was a hearing, which
resulted in an order for the sale of the land according to the
prayer of the petition. From this order this appeal is pros-
ecuted. The appellee interposes a motion to dismiss the ap-
peal, alleging as cause, that it was not taken in the manner
and within the time prescribed by sections 2454 and 2455, R.
S. 1881. The order appealed from was given September 6th,
1883. The appeal was taken by filing a transcript in the
office of the clerk of this court September 1st, 1884. No
bond has been filed, and the appeal seems to have been taken
upon the assumption that it was governed by the rules regu-
lating appeals in common law cases under the civil code.
The appellee, without joining in error or agreeing to a sub-
mission of the cause, or in any other manner waiving a com-
pliance with the statute regulating appeals, in matters con-
nected with decedents' estates, insists upon his motion to
dismiss. Section 2454 provides that "Any person consider-
ing himself aggrieved by any decision * * * growing out of
any matter connected with a decedent's estate, may prosecute
an appeal to the Supreme Court, upon filing, with the clerk of
such circuit court, a bond with penalty in double the sum in
controversy, in cases where an amount of money is involved
(or where there is none, in a reasonable sum, to be designated
by such clerk)," etc. Section 2455 enacts that "Such ap-
peal bond shall be filed within ten days after the decision
complained of is made, unless, for good cause shown, the
court to which such appeal is prayed shall direct such appeal
to be granted on the filing of such bond within one year
after such decision. * * * The transcript shall be filed
in the Supreme Court within ten days after filing the bond."

That the decision from which the appeal was taken in this
case was made in a proceeding growing out of a matter con-
nected with a decedent's estate, and that appeals in all such
cases must be taken in conformity with the foregoing stat-

utes, unless the requirements thereof are waived, must be taken as settled. *Seward* v. *Clark*, 67 Ind. 289; *Bell* v. *Mousset*, 71 Ind. 347; *Hillenberg* v. *Bennett*, 88 Ind. 540; *Browning* v. *McCracken*, 97 Ind. 279.

The sale of real estate by an administrator is provided for and regulated exclusively by the act for the settlement of decedents' estates. The civil code makes no provision for such proceedings, and they are not within the ordinary common law jurisdiction of the circuit court. The proceeding must, therefore, be had, and the appeal taken, under the provisions of the statute for the settlement of decedents' estates. Under the sections above quoted and the amendment contained in the acts of 1885 (Acts 1885, p. 194), an appeal bond must be filed—unless the appeal is taken by the administrator, when no bond is required—within ten days from the date of the decision, and the transcript must be filed within thirty days from the date of the filing of the bond, unless for good cause shown this court shall direct such appeal to be granted, on the filing of a bond, within one year.

No bond having been filed either within the time prescribed or since, and no application having been made to this court to be permitted to file a bond, and perfect the appeal within a year, the sustaining of the motion to dismiss seems to follow inevitably.

Motion sustained and appeal dismissed with costs.

Filed Sept. 26, 1885.