Vail, Executor, *et al. v.* Rinehart.

Filed Jan. 19, 1886.

———————◆———————

No. 11,642.

VAIL, EXECUTOR, ET AL. *v.* RINEHART.

PLEADING.—*Plea in Abatement.—Demurrer.—Motion to Reject.*—An objection to a plea in abatement, that it has not been verified, does not render it bad on demurrer, and can only be reached by a motion to reject the plea or strike it from the files.

EVIDENCE. — *Transcript.—Certificate of Clerk.*—The certificate of a clerk of the circuit court, which certifies, over the proper signature and the seal of such court, "that the above and foregoing is a full, true and complete copy and transcript of proceedings had and papers filed in said matter, as fully as the same appears of record and from the files of said court, in my office remaining," is sufficient in form and substance to render all matters set forth in such transcript competent evidence for whatever it may be worth or tend to prove.

DECEDENTS' ESTATES.—*Petition of Administrator to Sell Real Estate.—Jurisdiction.*—The circuit court which issues letters testamentary, or letters

Vail, Executor, *et al. v.* Rinehart.

of administration upon the estate of a decedent, has exclusive jurisdiction of a petition for the sale of the decedent's real estate, in whatever county the same may be situate, to make assets for the payment of the liabilities of such decedent's estate.

SAME.—*Parties to Administrator's Petition.*—*Defences to Petition.*—*Conclusiveness of Judgment.*—*Former Adjudication.*—Where a person who holds a lien for taxes and improvements on the real estate of a decedent is made a party defendant to a petition filed by the administrator for the sale of such real estate to pay debts, and is properly served with summons, and when such party fails to set up or assert any claim to such lands, or any lien thereon, and judgment is rendered on such petition ordering the sale of the decedent's lands, without providing in any way for the protection or payment of the lien of such defendant, such judgment is a final determination against him, not only as to what was actually decided therein, but also as to every other matter which the parties might have litigated in the case, and he can not, in an action subsequently commenced, enforce such lien.

From the Pulaski Circuit Court.

*D. Turpie, G. Burson* and *R. L. Mattingly,* for appellants.
*S. P. Thompson,* for appellee.

HOWK, J.—On the 29th day of June, 1883, appellee, Rinehart, as sole plaintiff, commenced this action against the appellants, Benjamin F. Vail, executor of the last will of Sarah A. Vail, deceased, Kate H. Root and Deloss Root, James N. Huston, administrator of the estate of William Huston, deceased, and surviving partner of the firm of James N. & Wm. Huston, William B. Shepherd and Hugh Dickey, as defendants.

In his complaint the appellee alleged that on the 9th day of February, 1874, Nathan S. and David H. Hazen purchased at public auction from the treasurer of Pulaski county, at the annual sales of lands for taxes delinquent thereon, certain lands, particularly described, in such county; that on the 16th day of February, 1876, Nathan S. Hazen purchased of the treasurer of such county, at public auction, at the annual sale of lands for taxes due and delinquent thereon, certain other lands, particularly described, in Pulaski county; that at the times such taxes were assessed, the lands described were sub-

ject to taxation, and were duly listed and assessed for taxation; that such taxes, at the times of such sales, were due, delinquent and wholly unpaid; that when the two years allowed by law for the redemption of such lands by the owner thereof had expired, the auditor of Pulaski county executed tax deeds to Hazen and Hazen, and Nathan S. Hazen, in due form; and Hazen and Hazen, and Nathan S. Hazen, then and there surrendered to such auditor the certificates of sale, issued to them at the dates of such sales by the treasurer of such county.   Copies of such tax deeds were filed with, and made parts of, appellee's complaint.

And appellee said that by deed from Hazen and Hazen he held all their right and title to the lands described, and, by virtue of such deed, he owned and held the lien for such taxes and interest, and for the improvements thereinafter mentioned; that appellee and the Hazens had paid all the taxes against the lands described since the same were sold as aforesaid; that the taxes so paid, and the purchase-money paid for the lands at such sales thereof, amounted to one thousand dollars, and the interest thereon amounted to fifteen hundred dollars.   Copies of such tax receipts were filed with the complaint, as parts thereof.   And appellee averred that he had made lasting and valuable improvements on the lands described, by ditching and fencing the same, which were reasonably worth to such lands and enhanced their value one thousand dollars, which had not been, nor any part thereof, paid or tendered him by any person; that appellant Kate H. Root was the owner of such lands, and Deloss Root was her husband, and held a mortgage on the lands; and that each and all the other appellants claimed some interest in such lands by way of mortgage or other lien thereon, except appellant Benjamin F. Vail, executor, etc., of Sarah A. Vail, deceased, who claimed an interest in the lands, because they were the property of his testatrix at the time of her death, and were liable to be made assets for the payment of the debts of her estate.   And appellee averred that the claims and liens

of all the appellants were subject and subsequent to his liens for taxes, and he demanded judgment for four thousand dollars, and the sale of such lands for the payment thereof, and for all other proper relief.

Answers and replies were filed, putting the cause at issue, and, upon final hearing had, the court found for appellee in the sum of $2,126.92, and ordered that such sum, with interest and costs, be paid into court for the use of appellee, within ninety days from the date of the decree; and that, in default of such payment, the lands should be sold, etc. Before the hearing, the suit was dismissed as to the defendant Huston, and the defendant Shepherd made default.

The only error assigned here by the appellants is the overruling of their motion for a new trial. Under this error the rulings chiefly complained of by appellants' learned counsel related to the exclusion of offered evidence tending to sustain the special paragraphs of appellants' answers, to which the appellee's demurrers had been overruled by the court. There is a marked incongruity, we think, between the rulings of the circuit court upon the demurrers to the special paragraphs of answer and its rulings in the exclusion of offered evidence. This may be accounted for, to some extent, at least, by the fact apparent in the record, that, during the progress of the cause in the trial court, there was a change in the judges of the court. But whatever may have been the cause of these inconsistent rulings, it seems clear that some of such rulings must be erroneous.

Cross errors have been assigned by appellee which call in question (1) the overruling of his demurrer to the third paragraph of the answer of appellants Benjamin F. Vail and Kate H. Root, and (2) in overruling his demurrer to the second and third paragraphs of the separate answer of Kate H. Root, "if the same be in the record." Before considering any of the questions arising under the error assigned by the appellants, it seems to us that, in the natural order of things, we should first dispose of the cross errors, of which appellee

complains, especially so, because it is manifest that if the paragraphs of answer mentioned in such cross errors should be held bad on demurrer, the rulings of the trial court, in the exclusion of evidence offered to sustain such paragraphs, if erroneous, would be at most harmless errors. Therefore we will first consider and decide the questions presented by appellee's cross errors in the order of their statement.

In the third paragraph of their answer, the appellants Benjamin F. Vail and Kate H. Root alleged that on the 4th day of December, 1882, the appellant Vail, as administrator with the will annexed of Sarah A. Vail, deceased, filed his petition in the circuit court of Dearborn county, Indiana, in which county his decedent, Sarah A. Vail, resided at the time of her death, and wherein letters of administration were granted him on her estate ; that the purpose of such petition, as stated therein, under the oath of such administrator, was to sell his decedent's real estate to make assets for the payment of the debts of her estate ; that the real estate in Pulaski county, mentioned in appellee's complaint herein, was a portion of the real estate described in such administrator's petition; that one of the defendants in such petition was Enoch Rinehart, the plaintiff in this cause ; that Enoch Rinehart was personally served with process issued on such petition, and appeared thereto ; and that such proceedings were thereupon had as that afterwards, to wit, on the 6th day of September, 1883, the Dearborn Circuit Court found and adjudged that Enoch Rinehart had no interest, claim, right or title to or in the lands mentioned in his complaint herein, and that the same should be sold for the payment of the debts mentioned in such petition; that on the 29th day of June, 1883, and during the pendency of the aforesaid petition against him in the Dearborn Circuit Court, Enoch Rinehart commenced this suit in the Pulaski Circuit Court ; and such appellants said that when Enoch Rinehart had been served as a party defendant, in the suit pending in the Dearborn Circuit Court, and had appeared and answered therein, he was bound

to set up, in such suit, any lien which he had on any lands mentioned in the petition in such cause, and, upon the establishment of his lien, to demand judgment therefor and for the foreclosure thereof, in the Dearborn Circuit Court, and that he could not afterwards commence a suit in any other court for the adjudication or settlement of such lien. Wherefore, etc.

Appellee's demurrer to this paragraph of answer was overruled below, and this ruling is assigned here as a cross error. The sufficiency or insufficiency of the facts stated in the paragraph to constitute a defence to his action, however, is a question which appellee's counsel has failed to discuss in his able and elaborate brief of this cause. Whether the paragraph is to be regarded as a plea of the pendency of a prior suit in abatement of appellee's present action, or as an answer of former adjudication in bar of such action, it seems to us that the facts stated therein were sufficient to withstand appellee's demurrer thereto. As a plea in abatement the paragraph was objectionable, because it was not verified, but that objection did not render the plea bad on demurrer, and could only be reached by a motion to reject the paragraph or strike it from the files for the want of proper verification. *Toledo Agricultural Works* v. *Work,* 70 Ind. 253.

Issue was joined upon the foregoing paragraph of answer by appellee's reply, in general denial thereof. In support of their defence as stated in such paragraph, upon the hearing of the cause, the appellants offered in evidence a certified transcript of the proceedings had, and papers filed, in the Dearborn Circuit Court, upon the petition of Benjamin F. Vail, administrator, etc., of Sarah A. Vail, deceased, against John B. Vail, Enoch Rinehart and others, for the sale of the real estate of such decedent, including the lands in Pulaski county described in appellee's complaint herein. Appellee objected to the admission of such transcript in evidence, for the following reasons, namely: "Because it is irrelevant, immaterial, improper and unlawful, and because it does not re-

late to the issues in the cause, and there is no judgment against the plaintiff in any wise; because that court had no jurisdiction to pronounce judgment in the record, and because the certificate of the clerk is wholly insufficient for the record as the law requires; because the papers in the case of *Vail et al.* do not appear to have been set out in the record, and because the certificate is not in the proper form of law and is wholly insufficient." These objections were sustained by the trial court, the offered evidence was excluded, and appellants excepted.

The first objection to the admission of the transcript in evidence, urged in argument by appellee's counsel, is the alleged insufficiency of the clerk's certificate appended to such transcript. Omitting merely formal matters, the clerk of the Dearborn Circuit Court certified, over his signature and the seal of such court, "that the above and foregoing is a full, true and complete copy and transcript of proceedings had and papers filed in said matter, as fully as the same appears of record and from the files of said court, in my office remaining." The "said matter," mentioned in such certificate, is stated in the caption of the transcript to be the matter of the petition of Benjamin F. Vail, administrator, etc., against John B. Vail, Enoch Rinehart and other named persons, to sell real estate. We think this certificate was sufficient, both in form and substance, to render all matters set forth in such transcript competent evidence for whatever it might be worth or tend to prove. Section 462, R. S. 1881; *Gale* v. *Parks,* 58 Ind. 117; *Adams* v. *Lee,* 82 Ind. 587; *Anderson* v. *Ackerman,* 88 Ind. 481. In the case last cited the court said: "The certified copy was competent evidence of all it contained, and nothing more. It might be true that if the other proceedings of the court and the pleadings in the cause were not supplied and given in evidence, the mere copy of the judgment and decree would not be sufficient evidence, but it would be none the less competent as evidence for whatever it might be worth."

We think, also, that the certified transcript offered in evidence in this cause was both relevant and material to the issue joined by appellee upon the paragraph of answer, the substance of which we have heretofore given in this opinion. Considering such paragraph of answer, as we well may consider it, as a plea of the pendency of a prior suit, wherein appellee might and should have set up his alleged lien for adjudication and settlement, in abatement of his present suit, we are of opinion that the certified transcript, offered in evidence and excluded, was relevant and material to the issue joined on such plea in abatement. The jurisdiction of the Dearborn Circuit Court of the subject-matter of the administrator's petition for the sale of his decedent's lands in Pulaski county, under the statutory provisions now and at the time in force, can neither be questioned nor doubted. In section 2336, R. S. 1881, in force since September 19th, 1881, it is provided as follows: "Whenever an executor or administrator shall discover that the personal estate of a decedent is insufficient to satisfy the liabilities thereof, he shall, without delay, file his petition in the Circuit Court issuing his letters, for the sale of the real estate of the deceased, to make assets for the payment of such liabilities."

Under this section of the statute, it is clear that the circuit court, which issues the letters testamentary or letters of administration upon the estate of a decedent, has exclusive original jurisdiction of a petition for the sale of his decedent's real estate, in whatever county the same may be situate, to make assets for the payment of the liabilities of such decedent's estate. In the case before us, the decedent, Sarah A. Vail, resided in Dearborn county at the time of her death, and letters of administration, with the will annexed, were duly issued upon such decedent's estate by the Dearborn Circuit Court to the appellant, Benjamin F. Vail. On the 4th day of December, 1882, the appellant Vail, as such administrator, filed his petition in the Dearborn Circuit Court for the sale of his decedent's real estate, including therein the

lands in Pulaski county described in appellee's complaint herein. Under the provisions of section 2338, R. S. 1881, in force at the time such petition was so filed, the appellee,. Enoch Rinehart, as the holder of a lien on the lands in Pu-- laski county owned by the decedent, Sarah A. Vail, at the time of her death, was a proper and necessary party defend- ant to such petition, and he was made a defendant therein and thereto in order that the character and amount of his lien might be ascertained and adjudicated, and its payment pro- vided for. It is shown by the transcript from the Dearborn Circuit Court, which was offered in evidence, that, upon the filing of such petition, a summons was duly issued thereon out of such court, directed to the sheriff of Carroll county, and commanding him to summon Enoch Rinehart to be and appear in the Dearborn Circuit Court on the first day of its February term, 1883, to answer the complaint of Benjamin F. Vail, administrator with the will annexed of Sarah A. Vail, deceased; and that such summons was duly returned by such sheriff, served on Enoch Rinehart, on December 12th,. 1882, by reading the same to him in his presence and hearing.

It is further shown by such transcript that at the April term, 1883, of the Dearborn Circuit Court, to wit, on May 31st, 1883, appellee Enoch Rinehart appeared by.his coun- sel and filed his demurrer to the administrator's petition for the sale of his decedent's real estate, which demurrer was. overruled by such court; and that afterwards, at the same term of such court, to wit, on June 1st, 1883, appellee Enoch Rinehart filed his answer in abatement in two paragraphs, to· which the administrator's demurrer was sustained by the court, and appellee Rinehart was ruled to answer over, and the cause was continued until the next term of such court. Before the next term of such court, which began on the first Monday of September, 1883, the appellee Rinehart, as we have seen, on the 29th day of June, 1883, commenced this. suit in the court below to foreclose his lien on the decedent's lands in Pulaski county.

It is further shown by such transcript that at the September term, 1883, of the Dearborn Circuit Court, appellee Rinehart filed an answer in general denial merely of the administrator's petition, and wholly failed, by counter-claim or cross complaint, to assert any claim to the decedent's lands in Pulaski county, or his alleged lien thereon which he is seeking to enforce in this suit. At the same term of the Dearborn Circuit Court, the transcript further shows that the matters arising under the administrator's petition were heard by such court, and a finding was made in favor of such administrator ; and, over Rinehart's motion for a new trial, the court ordered the sale of 'the decedent's lands in Pulaski county, without providing in any way for either the protection or payment of Rinehart's alleged lien thereon.

We are of, opinion that, upon the trial of this cause, the court clearly erred in sustaining the appellee's objections to the admission of the certified transcript from the Dearborn Circuit Court in evidence, and in the exclusion of such offered evidence. This transcript showed upon its face that the Dearborn Circuit Court had jurisdiction, not alone of the subject-matter of the present controversy, but also of the persons of the parties to this suit, or of those under whom such parties claim. The transcript conclusively shows, we think, the pendency of a prior suit, in a court of competent jurisdiction, wherein the appellee Rinehart not only could or might have enforced his alleged lien on the decedent's lands in Pulaski county, but was absolutely required by the provisions of the statute, as we construe them, to set up and assert his alleged lien upon the decedent's real estate, and have the same ascertained and adjudicated by the court prior to or at the time of making the order for the administrator's sale of such real estate. It clearly appeared from such transcript that this action ought not to have been brought during the pendency of the prior suit in the Dearborn Circuit Court, and that the appellee could have, and therefore ought to have, asserted his alleged lien and sought its enforcement in the prior suit.

*Dawson* v. *Vaughan*, 42 Ind. 395; *Moore* v. *Kessler*, 59 Ind. 152; *Merritt* v. *Richey*, 100 Ind. 416.

The transcript offered in evidence would have shown, also, that the alleged lien which the appellee was seeking in this suit to enforce against the decedent's lands in Pulaski county, not only might have been, but, under the statute, was required to be litigated, ascertained and determined in the prior suit in the Dearborn Circuit Court. The judgment of that court, in such prior suit, was against the appellee, Enoch Rinehart, as we have seen, and it must now be regarded as final and conclusive, as his appeal therefrom to this court was recently dismissed, in *Rinehart* v. *Vail*, 103 Ind. 159. Under repeated decisions of this court, from its earliest organization down, the adjudication of the Dearborn Circuit Court against the appellee, in such prior suit, is a final determination against him, not only as to what was actually decided therein, but also as to every other matter which the parties might have litigated in the case, and especially as to the alleged lien which the appellee asserts and seeks to enforce in the case in hand, against the decedent's lands in Pulaski county. *Fischli* v. *Fischli*, 1 Blackf. 360; *Richardson* v. *Jones*, 58 Ind. 240; *Elwood* v. *Beymer*, 100 Ind. 504.

For the error of the court in the exclusion of such certified transcript when offered in evidence, appellants' motion for a new trial ought to have been sustained.

Other rulings of the court, in the exclusion of offered evidence, are complained of here as erroneous, but we need not extend this opinion in considering such rulings, as the views already expressed will not only require the reversal of the judgment below, but will probably put an end to appellee's supposed cause of action.

The judgment is reversed. with costs, and the cause is remanded for a new trial, and for further proceedings in accordance with this opinion.

Filed Jan. 19, 1886.