Koons, Administrator, *v.* Mellett *et al.*

No. 13,748.

Koons, Administrator, *v.* Mellett et al.

Appeal.—*Co-Parties.*—*Appeal by Part.*—*Notice.*— *When Necessary.*—The rule that where a part only of several co-parties appeal from a joint judgment without notice of such appeal to their co-parties, the appeal will be dismissed, is confined to parties against whom a judgment has been rendered. It is not necessary to serve notice upon parties to the record against whom the court has failed to render any judgment in the cause, and who have no interest in the result of the appeal.

Decedents' Estates.—*Proceeding by Creditor of Legatee.*—*Appeal.*—A proceeding by a creditor of a legatee against such legatee and the admin-

istrator with the will annexed, to reach money in the hands of such administrator, for the payment of a debt due from such legatee, is not a proceeding authorized by the act providing for the settlement of a decedent's estate; and, hence, the law regulating appeals from such proceedings (sections 2454, 2455, R. S. 1881,) has no application.

SAME.—*Devisee of Real Estate.—Judgment against Lien—Sale by Administrator.—Proceeds.*—A judgment obtained against a devisee of real estate, which is afterwards sold by the administrator with the will annexed in pursuance of the terms of the will, the transcript having been properly filed, becomes a lien on the land, and follows the proceeds of the sale of such land into the administrator's hands, binding it to the same extent as it bound the land.

SAME.—*Legatee.—Judgment Creditor.—General Lien Subject to Equities in Favor of Estate.—Administrator.*—Such lien, however, is a general lien, and is subject to all the equities existing in favor of the estate represented by the administrator, and confers on the judgment creditor no greater rights as against such estate than those possessed by the legatee.

SAME.—*Legacy.—Indebtedness of Legatee.—Set-Off.—Administrator's Right.*—The administrator with the will annexed had the right to set off against the legacy bequeathed to the legatee any indebtedness of the legatee to the estate represented by him. This right includes any sum due the estate on account of surety debts existing at the death of the testator, without regard to whom such debts were paid.

From the Wayne Circuit Court.

*J. F. Kibbey* and *J. H. Kibbey,* for appellant.

*C. H. Burchenal* and *J. L. Rupe,* for appellees.

COFFEY, J.—Daniel Ulrich died testate, in Wayne county, Indiana, on the 1st day of March, 1884, the owner in fee of real estate, in that county, of the value of $15,000, leaving eight children then living as his heirs at law. The will of the said Daniel Ulrich contains the following clause:

*"Secondly.* It is my will that all of my property, both real and personal, shall be sold and the funds accruing therefrom shall be distributed as follows, to wit: David, my son, five hundred dollars for his work after he was twenty-one years of age; and Samuel, my son, three hundred dollars for a like service, and Daniel Heaston, one hundred dollars as a gift out of natural love and affection; and the balance to be equally divided amongst all my children." *    *

On the 23d day of May, 1884, the appellee Joshua H. Mellett recovered a judgment, in the Henry County Circuit Court, against David C. Ulrich, legatee under said will, for the sum of $1,174.82 and costs, and on the 14th day of July, 1884, said Mellett filed a transcript of said judgment in the clerk's office of the Wayne Circuit Court, and caused the same to be duly recorded and docketed for the purpose of acquiring a lien on the interest of the said David C. Ulrich in the lands of which the said Daniel Ulrich died seized, the said David being a resident of Wayne county, and being insolvent, except for his interest in the estate of the said Daniel, deceased, an execution on said judgment having been returned wholly unsatisfied.

After filing said transcript in the clerk's office of the Wayne Circuit Court, the appellant, Benjamin F. Koons, was duly appointed administrator of the estate of the said Daniel Ulrich, with the will annexed, and on the 1st day of March, 1885, sold the real estate, of which the said Daniel died seized, to Benjamin B. Beeson for the sum of $15,482.89, which sale was duly approved by the Wayne Circuit Court.

This action was brought by the appellee Mellett, for the purpose of compelling the appellant, Koons, as administrator, to apply the money in his hands belonging to the said David C. Ulrich to the satisfaction of his judgment, the complaint averring the facts above set forth.

At the death of the said Daniel Ulrich he was surety for the said David C. Ulrich upon promissory notes aggregating a large sum, which said administrator has since been compelled to pay. This, with other debts due from David to his father, exceeds his legacy.

The administrator sought to set off against the interest of the said David C. Ulrich in said estate the amount he had thus been compelled to pay, together with the debts due from him to the estate, but the circuit court refused to allow such set-off, and he excepted.

The assignment of errors calls in question the correctness of this ruling.

The record contains a special finding of the facts in the cause, together with the court's conclusions of law thereon, from which it appears that the court held that the appellee Mellett, by filing a transcript of the judgment of the Henry Circuit Court in the clerk's office of the Wayne Circuit Court, acquired a lien on the interest of the said David C. Ulrich in the estate of the testator, which lien, upon a sale of the land, was transferred to the funds derived from such sale, against which the set-off could not be allowed.

The contention of the appellant, Koons, as we understand it, is :

*First.* That by the terms of the will of the said Daniel Ulrich the said David had no interest in the land, but simply an interest in the proceeds of the sale of such land, which was personal property, and that by reason thereof the appellee acquired no lien by the filing of his transcript; and,

*Second.* Admitting that the appellee did acquire a lien by filing a transcript of the judgment of the Henry Circuit Court in the clerk's office of Wayne county, that such lien was subject to the equities in favor of the estate, and that he was entitled to no more than the balance after the payment of the indebtedness of David to the estate.

Before passing upon or considering the questions involving the merits of the controversy between the parties, it becomes necessary to inquire whether the case is in a condition to authorize this court to enter upon such consideration.

The appellee has filed in this court a motion to dismiss the appeal, for the alleged reasons :

*First.* That the appellant has failed to comply with the provision of section 635, R. S. 1881, upon the subject of appeals.

*Second.* For the reason that the case falls within the provisions of sections 2454 and 2455, R. S. 1881, and it is claimed that as the transcript in the cause was not filed in

this court within the time limited by these sections, then the appeal should be dismissed.

.Section 635, *supra*, provides that "A part of several co-parties may appeal; but in such case, they must serve notice of the appeal upon all the other co-parties, and file proof thereof with the clerk of the Supreme Court."

It has been held by this court that where a part only of several co-parties appeal from a joint judgment without notice of such appeal to their co-parties, the appeal will be dismissed. *Herzogg* v. *Chambers*, 61 Ind. 333; *Peoples', etc., Bank* v. *Finney*, 63 Ind. 460; *Cranmore* v. *Bodine*, 65 Ind. 25; *Hunter* v. *Chrisman*, 70 Ind. 439; *Couch* v. *Thomas*, 71 Ind. 286.

But this rule is confined to parties against whom judgment has been rendered, and it is not necessary to serve notice upon parties to the record, and against whom the court has failed to render any judgment in the cause, and who have no interest in the result of the appeal. *Wilson* v. *Stewart*, 63 Ind. 294; *Logan* v. *Logan*, 77 Ind. 558; *Easter* v. *Severin*, 78 Ind. 540; *Hogan* v. *Robinson*, 94 Ind. 138.

The decree rendered in this case is against appellant and David C. Ulrich alone. There is no finding, judgment or decree of any kind against any of the other parties to the suit. Notice of this appeal was served by appellant upon David C. Ulrich, and he declined to join in the appeal. Notice was issued for the other parties to the suit, and service acknowledged by Kibbey & Kibbey, attorneys, but as they are not necessary parties to this appeal we deem it unnecessary to inquire whether such attorneys had authority to bind them by such acknowledgment of service or not, as such notice is not necessary to the validity of this appeal.

Section 2454, *supra*, provides that "Any person considering himself aggrieved by any decision of a circuit court, or judge thereof in vacation, growing out of any matter connected with a decedent's estate, may prosecute an appeal to the Supreme Court, upon filing, with the clerk of such circuit court,

a bond, * * with sufficient surety, * * conditioned for the diligent prosecution of such appeal," etc.

Section 2455 provides that " Such appeal bond shall be filed within ten days after the decision complained of is made. * * * Any person who is aggrieved, desiring such appeal, may take· the same in his own name, without joining with any other person. The transcript shall be filed in the Supreme Court within ten days after filing the bond."

These statutes have been so often construed by this court that there is now no room for doubt as to their meaning. The rule to be deduced from the decisions upon the subject is that in all proceedings under the law providing for the settlement of a decedent's estate, where the exercise of the probate jurisdiction of the court is invoked, the appeal is governed by sections 2454 and 2455, R. S. 1881; but in all actions authorized by the code, and not involving the exercise· of the probate jurisdiction of the court, the appeal is governed by the code, and these sections have no application. *Browning* v. *McCracken,* 97 Ind. 279 ; *Bennett* v. *Bennett,* 102 Ind. 86 ; *Miller* v. *Carmichael,* 98 Ind. 236 ; *Yearley* v. *Sharp,* 96 Ind. 469 ; *Seward* v. *Clark,* 67 Ind. 289 ; *Rusk* v. *Gray,* 74 Ind. 231 ; *Willson* v. *Binford,* 74 Ind. 424 ; *Hillenberg* v. *Bennett,* 88 Ind. 540; *Heller* v. *Clark,* 103 Ind. 591.

This is a proceeding by a creditor of a legatee against such legatee and the administrator with the will annexed to reach money in the hands of such administrator for the payment of a debt, not due from the estate represented, but due from such legatee. It can not be successfully maintained that it is in any sense a proceeding authorized by the act providing for the settlement of a decedent's estate ; and, hence, the law regulating appeals from such proceedings has no application. The motion to dismiss the appeal should be overruled.

The transcript of the judgment rendered in the Henry county circuit court, when filed in the office of the clerk

of the Wayne Circuit Court, constituted a lien upon the interest of David C. Ulrich in the lands of which his father died seized. Upon a sale of the land by the appellant such lien followed the proceeds of such sale into his hands, and bound it to the same extent it bound the land. *Campbell* v. *Martin*, 87 Ind. 577; *Ball* v. *Green*, 90 Ind. 75; *Ballenger* v. *Drook*, 101 Ind. 172; *Simonds* v. *Harris*, 92 Ind. 505; *Wilson* v. *Rudd*, 19 Ind. 101.

Such lien, however, was a general lien, and was subject to all the equities existing in favor of the estate represented by the appellant, and conferred on the appellee Mellett no greater rights as against said estate than those possessed by David C. Ulrich. The general lien of a judgment creditor upon the land of his debtor is subject to all equities which existed against such land in favor of third persons at the time of the recovery of the judgment. *Wright* v. *Jones*, 105 Ind. 17; *Foltz* v. *Wert*, 103 Ind. 404; *Hays* v. *Reger*, 102 Ind. 524; *Heberd* v. *Wines*, 105 Ind. 237.

The title to the land owned by the testator at the time of his death vested in the persons named in his will, subject to be divested by sale of the land as provided for in the will. The question then arises as to what rights the appellant had as regarded the set-off claimed by him, as against David C. Ulrich, for it is certain that whatever rights he had against David C. Ulrich, he has also as against the appellee Mellett. Mellett has the right by reason of his lien to pursue the funds derived from the sale of the land into the hands of the administrator, and, to the extent of his judgment, compel the payment of such fund to him to the same extent and upon the same conditions, and no other, that David C. Ulrich might compel payment to him if the judgment did not exist; in other words, the appellee Mellett, in respect to the amount due him from David C. Ulrich, is a substituted creditor, with all the right, and no more, than that possessed by the legatee for whom he has become substituted. The question arises,

therefore, as to whether appellant was entitled to the set-off claimed as against David C. Ulrich?

In *Manifold's Estate,* 5 Watts & Serg. 340, the father being surety for the son, died intestate, leaving real estate which was sold by his administrator to pay debts. Upon the question of the distribution of the balance after the payment of the debts, it was held that a judgment creditor of the son was not entitled to any part of the fund by reason of his lien on the land, the liability of the intestate for his son being greater than the son's distributive share. The court said: "But the appellant can be in no better condition than his debtor; for a creditor, although he pursues his debt to judgment, can not, as against the other distributees, better his condition. He succeeds to the rights of his debtor, and nothing more. * * * It matters not, that the debt was paid since the death of the intestate, as it was a contingent liability of his, and on payment of the debt by the administrators an equity arises which relates back to the time of the death of the intestate, and this equity can not be disturbed by any act of the distributees, nor can it be displaced by a subsequent judgment obtained by his creditors."

In the case of *Springer's Appeal,* 29 Pa. St. 208, it was held that if one of the heirs of the estate is indebted to it, he may be treated in its distribution as having an advancement to the amount of his debt.

In the case of *Strong* v. *Bass,* 35 Pa. St. 333, it was held that the executor was entitled to set off a debt due from the legatee to the estate represented by him against a legacy given by the will of the deceased when it was sought by a creditor to reach the legacy by an attachment proceeding. The court in that case said: "If, therefore, the executor had a right of set-off against the legatee, he retains it against his substituted creditor. If, for any reason, the legatee could not enforce payment of the legacy without first or simultaneously performing some other duty to the estate, his attaching creditor can reach the legacy only on the same conditions." See,

also, *Nickerson* v. *Chase*, 122 Mass. 296; *Askew* v. *Douglas*, 3 Atl. Rep. 263; *Snyder* v. *Warbasse*, 11 N. J. Eq. 463; *Smith* v. *Smith*, 13 N. J. Eq. 164; *Brooks* v. *Brooks*, 12 S. C. 422; *Smith* v. *Kearney*, 2 Barb. Ch. (N. Y.) 533.

In 2 American Law of Administration, by Woerner, section 564, the learned author says: "The indebtedness of a legatee or distributee constitutes assets of the estate, which it is the executor's or administrator's duty to collect for the benefit of creditors, legatees and distributees. Hence such indebtedness may be deducted from any legacy or distributive share of the debtor. * * * The right of set-off exists whether the legatee or distributee was indebted to the deceased before his death or contracted a liability to the estate, or even to the administrator personally, thereafter. So it is held that a son is not entitled to recover his distributive share of his father's estate where the father was surety for him in an amount greater than the value of said share, although the executor did not pay the surety debt until after the action brought by the son."

This was a suit in the court below, as we understand it, by which the appellee Mellett sought to reach the funds in the hands of the appellant by virtue of the judgment lien held by him on the interest of David C. Ulrich in the lands owned by the testator at the time of his death. At the time appellee Mellett, acquired his judgment lien on the land he was bound to know that such land would, by the terms of the will, be converted into money. As we have seen, he took his lien subject to all the equities existing in favor of the estate, and he now stands in no better condition as to the legacy bequeathed to David C. Ulrich than the legatee himself would occupy were he seeking to recover the legacy. This case is governed by a different rule, and is to be distinguished from the cases where a party has acquired a specific lien for value without notice of the existence of equities at the time such lien is acquired. In our opinion the appellant had the right

to set off against the legacy bequeathed to David C. Ulrich, any indebtedness of the said David to the estate represented by him. This right, we think, includes any sum due the estate on account of surety debts existing at the death of the testator without regard to the time when such debts were paid. Having reached this conclusion, it follows that the court below erred in its conclusions of law upon the facts set forth in the special finding.

It is disclosed by the special finding of facts that David C. Ulrich is insolvent, and that he is indebted to the estate represented by the appellant in a sum greatly in excess of his distributive share of the estate. This indebtedness should be set off against the amount due him under the will of the testator.

Judgment reversed, with directions to the circuit court to restate its conclusions of law in accordance with this opinion, and to render judgment accordingly.

BERKSHIRE, J., dissents from the limitation as to the right of a specific lien-holder, for value, as expressed in the opinion.

OLDS, J., also dissents, except as to the matter of practice.

Filed Dec. 19, 1889; petition for a rehearing overruled April 2, 1890.