Galentine *et al. v.* Wood, Administrator.

Filed May 18, 1894.

----

No. 17,011.

GALENTINE ET AL. *v.* WOOD, ADMINISTRATOR.

APPEAL.—*Dismissal.*—*When Under the Decedent's Act, When Under the
Code.*—*Decedent's Estate.*—*Action to Sell Land and Set Aside Fraudu-
lent Conveyances.*—Where an administrator brings an action for the
purpose of procuring an order to sell land to make assets for the
payment of debts, and for the purpose of setting aside conveyances
of such land, upon the ground that such conveyances were made by
the deceased to defraud his creditors, such proceeding is under the
decedent's act, the setting aside of the fraudulent conveyances be-
ing a mere incident to the petition to sell, and an appeal from such
proceeding is governed by the decedent's act; and where the tran-
script, in such appeal, is not filed within thirty days after the filing
of the appeal-bond, the appeal will be dismissed.

From the Kosciusko Circuit Court.

*W. D. Frazer* and *C. P. Drummond,* for appellants.

*H. S. Biggs, L. W. Royse, A. G. Wood* and *F. E.
Bowser,* for appellee.

COFFEY, J.—This was an action by the appellee, Andrew G. Wood, as administrator of the estate of Nicholas W. Galentine, deceased, for the purpose of procuring an order to sell land to make assets for the payment of debts, and for the purpose of setting aside conveyances of such land, upon the ground that such conveyances were made by the deceased to defraud his creditor.

The complaint consists of two paragraphs, making parties thereto the legal heirs of the deceased and the persons to whom the conveyances in question were made.

The second paragraph of the complaint alleges that Nicholas W. Galentine died intestate on the 13th day of March, 1884, leaving surviving him Emma Galentine, his widow, Norris D. Galentine, Allen S. Galentine, and Frank Galentine, his only heirs at law; that the appellee had been appointed and had qualified as administrator of his estate; that no personal estate had come to his knowledge or possession, and that there was no personal estate with which to pay the debts or the expenses of administration; that in the opinion of the administrator it would take about five thousand dollars to pay the debts due from said estate and the expenses of administration.

The complaint further alleges that the deceased, in his lifetime, was the owner of the land therein described, which was conveyed for the purpose of cheating and defrauding his creditors; and that at the time of such conveyances he had no other property subject to execution with which to pay his debts.

Prayer that the cloud created by the fraudulent conveyance be removed, and the title quieted, and for an order to sell the land to make assets for the payment of debts.

Upon a trial of the cause, the conveyances described in the complaint were found, by the court, to be fraud-

ulent, and a decree was entered setting them aside. This decree was entered on the 17th day of June, 1892, and the transcript in this cause was not filed here until the 7th day of June, 1893.

The appellee has filed a motion in this cause to dismiss the appeal for the reasons:

*First.* That no appeal bond was filed with the clerk of the Kosciusko Circuit Court before said appeal was taken.

*Second.* That the final judgment from which the appeal is prosecuted was rendered and entered on the 17th day of June, 1892, and the appeal was not taken until the 7th day of June, 1893, more than forty days from the rendition and entry of said judgment; and that no leave was obtained from this court to appeal from said judgment within one year from the rendition and entry of said judgment.

It is provided, by section 2454, R. S. 1881, which is a part of the statute upon the subject of the settlement of decedents' estates, that any person considering himself aggrieved by any decision of a circuit court, or judge thereof, in vacation, growing out of any matter connected with a decedent's estate, may prosecute an appeal to the Supreme Court, upon filing with the clerk of such circuit court a bond with penalty in double the sum in controversy, in cases where an amount of money is involved, or, where there is none, in a reasonable sum, to be designated by such clerk, with sufficient surety payable to the opposite party in such appeal, conditioned for the diligent prosecution of such appeal, for the payment of the judgment which may be affirmed and all costs, if costs be adjudged against him.

Section 417, Elliott's Supp., provides that such appeal bond shall be filed within ten days after the decision complained of is made, unless, for good cause shown,

the court to which the appeal is prayed shall direct such appeal to be granted on the filing of such bond within one year after the decision, and that the transcript shall be filed in the Supreme Court within thirty days after filing the bond.

It has often been decided by this court that the question as to whether an appeal is governed by the above provisions depends upon whether the proceeding from which the appeal is taken is a proceeding under the decedent's act or a proceeding under the code.

Where it is sought to appeal from any proceeding under the decedent's acts, compliance with these provisions must be had, but where the proceeding is not under this act, the appeal is governed by the general provisions upon the subject of appeals. *Rinehart* v. *Vail, Admr.,* 103 Ind. 159; *Webb* v. *Simpson,* 105 Ind. 327; *Ten Brook* v. *Maxwell,* 32 N. E. Rep. 106; *Bell* v. *Mousset, Admr.,* 71 Ind. 347; *Yearley, Admr.,* v. *Sharp, Admr.,* 96 Ind. 469; *Bennett, Admx.,* v. *Bennett,* 102 Ind. 86; *Heller* v. *Clark, Admx.,* 103 Ind. 591; *Simmons* v. *Beazel, Exr.,* 125 Ind. 362; *Walker, Admr.,* v. *Steele,* 121 Ind. 436; *Koons, Admr.,* v. *Mellett,* 121 Ind. 585.

The question, therefore, which we are called upon to decide is the question as to whether the proceeding from which this appeal is taken is a proceeding under the decedent's act or a proceeding under the code.

The rule that a conveyance made by a debtor to cheat and defraud his creditors is void as to such creditors, is too well known to require the citation of authorities. Section 2333, R. S. 1881, provides that the real estate liable to be sold for the payment of debts, when the personal estate shall be insufficient therefor, shall include

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*:

"*Third.* All lands, and any interest therein, which the

deceased, in his lifetime, may have transferred, with the intent to defraud his creditors."

Section 2336 provides that "whenever an executor or administrator shall discover that the personal estate of a decedent is insufficient to satisfy the liabilities thereof, he shall, without delay, file his petition in the circuit court issuing his letters, for the sale of the real estate of the deceased, to make assets for the payment of such liabilities." The complaint before us is against all the parties, and contains all the necessary allegations to entitle the appellee to sell the land therein described to make assets for the payment of the debts due from the estate represented by him. Indeed, we have no doubt that the complaint proceeds upon the theory that the appellee was entitled to an order in this action for the sale of the land therein described, and that the setting aside of the fraudulent conveyances referred to was a mere incident. Such a theory is not only outlined in the complaint, but we further find that the heirs of the decedent are made parties to the proceedings, which would not have been necessary if the only purpose of the suit was to set aside a fraudulent conveyance. Furthermore the action is prosecuted in the circuit court granting the letters of administration, while the land described in the complaint is situate in another county. Nor do we think any valid objection can be urged against the practice here adopted.

In the case of *Tyler* v. *Wilkerson*, 20 Ind. 473, where the question was involved as to whether the common pleas court had jurisdiction to set aside a fraudulent conveyance made by a decedent, it was said by this court: "The common pleas court would undoubtedly have jurisdiction to set aside a fraudulent conveyance in such case, order a sale, and distribution of the proceeds. Economy would dictate the selection of that forum in the first

instance." So, too, we say in this case that economy would dictate that the administrator should settle the question of fraudulent conveyances in his application to sell land to make assets for the payment of debts, instead of incurring the unnecessary expense of prosecuting two suits for that purpose.

It has been held by this court that a proceeding to sell land by an administrator to make assets for the payment of debts, is a proceeding under the decedent's act; and that an appeal from such a proceeding is governed by that act. *Rinehart* v. *Vail, Admr., supra.*

In our opinion the proceedings from which this appeal is prosecuted was a proceeding under the act providing for the settlement of decedents' estates, and the appeal not having been taken pursuant to the provisions of that act should be dismissed.

It is, therefore, ordered that the appeal in this case be, and the same is, hereby dismissed.

Filed Dec. 19, 1893; petition for a rehearing overruled May 11, 1894.