Hackney, J.
In the circuit court the appellant sued the appellees, Rebecca K. Culbertson and Samuel A. Culbertson, as the sole residuary devisees and legatees of William S. Culbertson, who died testate in the State of Indiana.
The complaint, to which that court sustained the demurrers of the appellees, sought to recover against them upon an alleged liability of said decedent and by virtue of sections 2597, et seq., Burns’ R. S. 1894 (2442, et seq., R. S. 1881), which sections declare the liability of, and procedure against, the heirs, devisees and distributees of a decedent to the extent of the property received by them from such decedent’s estate. The alleged liability of the decedent was upon an indebtedness of $3,452.00, reduced to a judgment, against the United States Savings Bank, a corporation subsisting under the laws of the State of Kansas, in which corporation said decedent was, at the time of his death, a stockholder representing stock of the par value of ten thousand dollars, which said indebted *611 ness, under the constitution and laws of the state of Kansas, was a charge against the individual stockholders of said corporation.
The inquiry at the threshold of the case arises upon the motion of the appellees to dismiss the appeal herein. Neither the appeal bond nor the transcript was filed within forty days after the decision complained of was rendered, but the appeal was completed within one year from the rendition of said decision and without an .order. extending the time beyond forty days. The theory of the appellees is that the appeal should have been perfected under sections 2609, 2610, Burns’ R, S. 1894 (2454, 2455, R. S. 1881), which provide that any person aggrieved- by a “decision * * * growing out of any matter connected with a decedent’s estate” may appeal by filing an appeal bond within ten days after the decision is made, unless otherwise ordered by the court appealed to, and by filing the transcript within thirty days after filing the bond.
The theory of the appellant is that the appeal was not required to be taken under sections 2609, 2610 (2454, 2455), supra; but that it was properly taken under the civil code, sections 644, 645, et seq., Burns’ R. S. 1894, which permit an appeal from the circuit court within one year from the rendition of final judgment.
It would seem, therefore, that the question as to whether the appeal was perfected within the proper time must depend upon the meaning of the words “decision * * * growing out of any matter connected with a decedent’s estate” as employed in section 2609 (2454), supra. While these words have many times been construed by this court their construction with reference to sections 2597 (2442), et seq., supra, *612 has never before been sought. Whenever the claim or right presented for recovery has been against the estate of the decedent it has been uniformly held that the practice in appealing was that prescribed in said sections 2609, 2610 (2454, 2455), supra, or by provisions of like character in earlier statutes. Bennett, Admx., v. Bennett, 102 Ind. 86; Miller, Admr., v. Carmichael, 98 Ind. 236; Browning v. McCracken, 97 Ind. 279; Yearley, Admr., v. Sharp, Admr., 96 Ind. 469; Bell v. Mousset, 71 Ind. 347; Ten Brook v. Maxwell, 6 Ind. App. 353.
On the other hand it has been held, with like uniformity, that if the cause of action or demand is in favor of the estate, and the procedure for its enforcement is not prescribed by the decedents’ estates act, ch. 6, sections 2365-2621, Burns’ R. S. 1894, the practice as to appeals is that prescribed by the civil code, sections 644, et seq., supra. Mason v. Roll, 130 Ind. 260; Simmons v. Beazel, 125 Ind. 362; Walker, Admr., v. Steele, 121 Ind. 436; Heller v. Clark, 103 Ind. 591; Hillenberg v. Bennett, Admr., 88 Ind. 540; Willson v. Binford, 74 Ind. 424; Rusk v. Gray, 74 Ind. 231; Merritt v. Straw, 6 Ind. App. 360.
There is also a class of cases holding that where, pending an action, the death of a party is suggested and his administrator is substituted the appeal from a decision therein is governed by the decedents’ estates act. Wright v. Manns, 111 Ind. 422; May v. Hoover, 112 Ind. 455; Holland v. Holland, 131 Ind. 196; Louisville, etc., R. W. Co. v. Etzler, 4 Ind. App. 31.
This class of cases and that last before cited establish conclusively that it is not every “decision * * * growing out of a matter connected with a decedent’s estate”, which is appealable under the decedents’ estates act. And it must be apparent that the literal import of the words quoted would be fatal to *613 the appellant’s standing in this court for it is clear that the decision here “grows out of a matter connected with a decedent’s estate.” It was upon an alleged liability of the decedent which was sought to be enforced against property held and left by him, and in no respect involved a personal liability of the appellees. If the only reason, sometimes asserted by the cases and that relied upon by the appellant, for limiting the time for appeals to forty days from the decision were that it should secure an early settlement of the estate involved, that reason would apply with equal force where the action is by the administrator to collect moneys due the estate as where it is for the recovery of moneys from the estate.
There is still another class of cases which hold that where the remedy is given and the procedure is prescribed by the decedents’ estates act, the right of appeal given in that act must be pursued. Galentine v. Wood, 137 Ind. 532; Webb v. Simpson, 105 Ind. 327; Rinehart v. Vail, Admr., 103 Ind. 159; Seward v. Clark, 67 Ind. 289; Taylor v. Burk, Exr., 91 Ind. 252; Bake v. Smiley, Admr., 84 Ind. 212; Koons v. Mellett, 121 Ind. 585.
In Galentine v. Wood, supra, it was said: “It has often been decided by this court that the question as to whether an appeal is governed by the above provisions depends upon whether the proceeding from which the appeal is taken is a proceeding under the decedents’ act, or a proceeding under the code.
“Where it is sought to appeal from any proceeding under the decedents’ act, compliance with these provisions must be had, but where the proceeding is not under this act, the appeal is governed by the general provisions upon the subject of appeals,” citing many of the cases cited by us.
In Mason v. Roll, supra, it was said of the pro *614 vision limiting appeals to forty days: “This procedure is applicable to cases where the probate jurisdiction of the court is' involved, but does not govern appeals in actions authorized by the code, not involving the exercise of the probate jurisdiction of the court.”
In Koons v. Mellett, supra, it was said: “The rule to be deduced from the decisions upon the subject is that in all proceedings under the law providing for the settlement of a decedent’s estate, where ,the exercise of the probate jurisdiction of the court is invoked, the appeal is governed by sections 26,09, 2610, Burns’ R. S. 1894 (2454, 2455, R. S. 1881).” Such are the expressions of many of the cases.
It would now seem necessary only to ascertain whether the proceeding in this case was under the decedents’ estates act or not, to determine whether the appeal was in time. The appellant’s action in form and effect was to enforce, after the executor was discharged, a claim for which the estate would have been liable and the devisees not liable. It was enforceable against the property of the decedent during administration without regard to heirs or devisees. It is now enforceable, not as a claim or liability against the heirs or devisees, but as against the property in their hands, which property was subject to the liability before the death of the testator, after his death and during administration and after his death when administration is closed. The right to enforce the liability of the decedent against his property, after his estate is settled, is not a right common to all creditors, nor does it exist except by statute. The statute which gives this right, sections 2597-2608, Burns’ R. S. 1894, is relied upon by the appellant, who is alleged to come within its exception by reason of nonresidence.
This right is now and throughout all of the revisions of the statutes since it was given in this State, has *615 been given and tbe manner of its enforcement bas been prescribed in and by what bas been known as tbe decedent’s estates act, or that division or chapter of tbe statutes conferring tbe jurisdiction and prescribing tbe procedure for tbe enforcement of rights against tbe estates of decedents. Sections 23, 24, R. S. 1831, pp. 166, 167; sections 426-442, R. S. 1843, pp. 566-568; sections 178-187, 2 R. S. 1852, pp. 289, 290; sections 2597-2608, Burns’ R. S. 1894.
While tbe last revision was not by legislative authority it simply copies with bead notes and citations tbe acts of 1881 entitled “An act providing for tbe settlement and distribution of decedents’ estates.” Acts 1881, p. 423. It is by section 216, et seq., of this act that tbe appellant’s right is given and tbe procedure for its enforcement is prescribed. These provisions are con-, nected, in tbe orderly arrangement of tbe statute for tbe settlement of decendents’ estates, with sections relating to tbe final settlement of administration and tbe distribution of tbe property among tbe heirs or devisees; and, conceding their constitutional validity, they are connected with tbe subject of tbe act as expressed in its title.
By tbe provisions of R. S. 1831, supra,, the rights of nonresidents and those under disability were secured, upon final settlement of administration, by tbe bond of tbe distributee and tbe right to open tbe settlement. By tbe later provisions cited, tbe right was given to such persons for enforcement against tbe property distributed, without requiring tbe often impossible thing, tbe execution of a bond, and without withholding indefinitely tbe settlement by tbe administrator or permitting, for this purpose, tbe opening of tbe settlement. Tbe security to tbe class of creditors named is in tbe property first, and subsequently against tbe heir, if be bas parted with tbe property, but *616 in no event beyond the value of the property. That these provisions were designed to be connected with the general scheme or system of laws for the settlement of decedents’ estates is further shown by the fact that in an earlier provision, section 2465, Burns’ B. S. 1894, that relating to the filing of claims, it is provided that “if not filed at least thirty days before final settlement of the estate, it shall be barred, except as hereinafter provided in case of liabilities of heirs, devisees and legatees.”
If the rule of the decisions last cited is not to be overturned, it must be held that, the right being given and the procedure prescribed by the decedents’ estates act, the appeal is not in time. Against this conclusion, it is said by the learned counsel for the appellant, that section 2598, Burns’ K. S. 1894, permits the proceeding to “be instituted in any courts of competent jurisdiction,” implying that it need not be instituted in the court granting the letters of administration, but may be brought according to the domicile of the heir, or the location of the property. Conceding this implication, it does not enforce the conclusion that the “court of competent jurisdiction” does not sit upon the question in the exercise of its probate authority as conferred by the very statute from which a,ppellant’s right is derived.
In Noble v. McGinnis, 55 Ind. 528, was announced a proposition which all must concede is true: “The circuit courts have now conferred upon them a probate jurisdiction, which is separate and distinct from their general jurisdiction in civil causes; and their methods of proceeding, in the exercise of their probate jurisdiction, are equally separate and distinct from-those prescribed by the code of civil procedure in ordinary civil actions. All matters touching decedents’ estates, wills, administrators, executors, guardians, and heirs, *617 and all business transacted in relation thereto, in said courts, are required to be kept separate, in proper books prepared for that purpose1, in the same manner as when the courts of common pleas had the exclusive original jurisdiction of the probate business of the State, and such probate jurisdiction, since it has been transferred to the circuit courts, is still as much a separate and independent jurisdiction as when it was exercised by the courts of common pleas.”
But the language of the statute, “any court of competent jurisdiction,” conveys no more force than to have said “the court of competent jurisdiction,” for it does not permit a choice between the probate and civil jurisdiction of the courts, and it was employed rather with reference to the locality of the court than as to the character of its jurisdiction.
The proceeding defined by the statute is “by petition,” the usual method of invoking the probate jurisdiction of the courts and an obsolete method of invoking their civil jurisdiction. A research of all of the decisions under the statute permitting the decedents’ creditors to pursue the property left, after final settlement, discloses that they were instituted in the Common Pleas court where the probate jurisdiction then resided.
We conclude, therefore, that the proceeding was under the decedents’ estates act, and must be governed, as to the appeal;, by that act and that the transcript was not filed in time.
The appeal is dismissed.
On Petition to Reinstate.
Hackney, J.
One contention on the petition to reinstate the appeal herein is that, independent of the statute, the creditor of a decedent has a right of action *618 against an heir to recover the debt from the ancestral property distributed to the heir, by a suit in equity. If this were true the right of appeal would, nevertheless, be subject to the provisions of the statute. But the enforcement of a decedent’s debt, if not filed thirty days before final settlement of the estate, is barred, section 2465, Burns’ R. S. 1894, except as the same is saved by, and upon the conditions stated in section 2597, Burns’ R. S. 1894. If it were not for the latter section the former would completely wipe out any such claim, and it is necessary to the enforcement of every such claim to look to said section 2597 for the right and the conditions upon which it may be exercised.
It is further contended that we erred in holding that an action of this character is subject only to the jurisdiction of the court in which the estate is settled. It was neither our purpose nor privilege to decide whether the federal courts or the co'urts of other states than Indiana have jurisdiction in such cases, neither did we hold that the court in which the estate is settled has exclusive jurisdiction. We simply held that the statute places such cases within the probate jurisdiction of the courts of this State and that, under the numerous decisions of this court, when a right of action is given and the procedure is prescribed by the decedents’ estates act the appeal in such case must be governed by the same act. This is true whether, strictly speaking, the jurisdiction is probate or civil. The right and its incidents may not be severed in respect to the practice.
The petition is overruled.