FRENCH *versus* SNELL.

By the R. S., c. 116, § 10, a party, appealing from the judgment of a justice of the peace, is required to recognize, "with condition to prosecute his appeal with effect, and pay all costs arising after the appeal."

Where the magistrate required as a condition of the appeal, that the party should "personally appear" at the appellate court, and pay "all intervening damages and costs," such recognizance was unauthorized, and the appeal void.

ON EXCEPTIONS from *Nisi Prius*, WELLS, J., presiding.

ASSUMPSIT, on account, brought before a justice of the peace, where the plaintiff obtained a judgment and the defendant appealed to the Supreme Judicial Court.

When the action came on for trial, the plaintiff moved that the action be dismissed for want of a legal recognizance. This motion was overruled, and furnished the ground of the exceptions. A verdict was returned for defendant.

The recognizance, filed with the papers in the case, recited that the principal and sureties "acknowledged themselves severally to be indebted to Nathaniel French of Auburn, in the sum of thirty dollars each, to be levied, &c., if default be made in the performance of the conditions following;" "now therefore, if the said Caleb Snell, 2d, shall appear at the court aforesaid, and shall prosecute his said appeal with effect, and shall pay all intervening damages and costs, then this recognizance shall be void, otherwise remain in full force and virtue."

French *v.* Snell.

*T. Ludden,* for plaintiff.

A recognizance taken for a purpose not authorized by law is void. *Harrington* v. *Brown,* 7 Pick. 232.

1. There is no authority for a recognizance like this. The law is, that the condition shall be "to prosecute his appeal with effect, and pay all costs arising after the appeal. R. S., c. 116, § 10.

This requires the appearance of a *person* at the appellate court, when an appeal may be prosecuted without his appearance.

2. This recognizance requires the appellant to prosecute his appeal with effect, and to pay all intervening damages and costs, which is not authorized or required by the statute, either in letter or substance. *Owen* v. *Daniels,* 21 Maine, 180.

3. It does not in effect answer the requirements of law. "To pay all intervening damages and costs" cannot be tantamount "to paying all costs arising after the appeal." The statute does not require an obligation "to pay damages," and it is therefore void. Can it be said that we cannot object to this, because the defendant has obligated himself to do too much? That is not our objection, but that the *too much* vitiates the whole upon demurrer to a *scire facias,* or an action of debt upon such a recognizance.

*S. C. Andrews,* for defendant, to sustain the ruling of the Court, cited the following authorities: —

R. S., c. 116, §§ 9 and 10; Howe's Practice, 443; Maine Justice, 96 and 97; Colby's Practice, 90; *Dodge* v. *Kellock,* 10 Maine, 266; *Libbey* v. *Main,* 11 Maine, 344; *Dodge* v. *Kellock,* 13 Maine, 136; *Green* v. *Haskell,* 24 Maine, 180.

SHEPLEY, C. J. — The party appealing from a judgment of a justice of the peace, was required by the statute of 1821, c. 76, § 10, to recognize "to pay all intervening damages and costs, and to prosecute his appeal with effect," before his appeal could be allowed. An alteration of the law was made by R. S., c. 116, § 10, and the party appealing was re-

quired to recognize " with condition to prosecute his appeal with effect, and pay all costs arising after the appeal," before his appeal could be allowed. The substantial difference being, that the appealing party is not now required to give security for the payment of any intervening or additional damages, which may be recovered against him in the appellate court. This is an important difference.

The recognizance presented in this case, contains two provisions not authorized by law. One for the personal appearance of the appellant in the appellate court, the other for the payment of " all intervening damages."

The justice of the peace was not authorized to require such recognizance; and the appellee could not enforce it against the appellant. The appeal was not perfected. *Owen v. Daniels*, 21 Maine, 180; *Harrington v. Brown*, 7 Pick. 232. *The exceptions are sustained.*

*Verdict set aside, and appeal dismissed.*

HOWARD, RICE, HATHAWAY and CUTTING, J. J., concurred.