Ten Brook v. Maxwell, Administrator.

No. 681.

## TEN BROOK v. MAXWELL, ADMINISTRATOR.

APPEAL.—*Decedents' Estates.—Disallowance of Claim.—Appeal Bond.—When Must be Filed.—Submission by Agreement Does not Waive Filing.*—Where an appeal is prosecuted from a judgment disallowing a claim against an estate, the filing of a bond is a necessary step in perfecting an appeal, and must be filed within ten days, unless the court to which the appeal is prayed, for good cause, shall extend the time for any period within one year from the date of the decision. The statute is mandatory, and the power of the court is expressly limited by it to one year, beyond which time there is no authority for the filing of a bond. An agreement of submission· while waiving all technical defects in the transcript and method of appeal, does not waive the filing of such appeal bond, which is a step imperatively required by law, and which constitutes a necessary part of the appeal.

From the Parke Circuit Court.

*J. N. Pierce* and *J. T. Johnson,* for appellant.

*S. D. Puett* and *E. Hunt,* for appellee.

CRUMPACKER, J.—Cora L. Ten Brook filed a claim against Howard Maxwell, administrator of the estate of Sydney Ten Brook, deceased. A demurrer was sustained to the statement, and final judgment was rendered in favor of the administrator on the 27th day of May, 1891. The claimant undertook to appeal from such judgment and filed a transcript of the record in this court on the 19th day of June, 1891, at which time counsel for the administrator signed a joinder in error appended to the transcript. On the 27th day of June an agreement of submission was filed, in which the service of notice was waived.

Briefs were filed upon both sides within six months after the filing of the transcript, but no appeal bond was filed by the claimant, and on account of that omission the administrator filed a motion to dismiss the appeal on the 28th day of May, 1892. On the 13th of September following the claim-

ant filed an intervening petition asking leave to file a bond, which was tendered with the petition.

Section 2454, R. S. 1881, provides that any person considering himself aggrieved by any decision of a circuit court growing out of any matter connected with a decedent's estate may appeal from such decision to the Supreme Court upon the filing with the clerk of such circuit court a bond with a penalty in double the amount in controversy, etc. Section 2455, as amended in 1885 (Session Laws, p. 194), provides that such bond shall be filed within ten days after the decision complained of, unless the court to which the appeal is prayed shall, for good cause shown, direct such appeal to be granted upon the filing of such bond within one year from the decision. The transcript is required to be filed within thirty days after filing the bond.

It is the well defined policy of the law to expedite all matters connected with the settlement of decedents' estates, and the statutes governing appeals are designed to promote that end. When an appeal is prosecuted from a judgment disallowing a claim against an estate, the filing of a bond is a necessary step, and unless it is filed within the time prescribed by the statute the appeal will be dismissed. *Rinehart* v. *Vail*, 103 Ind. 159 ; *Webb* v. *Simpson*, 105 Ind. 327.

Indeed, the rule is quite general that where an appeal bond is a necessary step in perfecting an appeal, its absence is sufficient ground for striking the papers from the files of the Appellate Court. *Law* v. *Nelson*, 14 Col. 409 ; *McLane* v. *Russell*, 29 Tex. 127 ; *Thompson* v. *Thompson*, 24 Wis. 515 ; *Clinton* v. *Phillips*, 7 T. B. Mon. 118 ; *French* v. *Snell*, 37 Me. 100 ; *King* v. *McCann*, 25 Ala. 471.

By the requirements of the statute under consideration a bond must be filed within ten days, unless the court to which the appeal is prayed, for good cause, shall extend the time for any period within one year from the date of the decision. The statute is mandatory, and the power of the court is expressly limited by it to one year, beyond which time there

is no authority for the filing of a bond. The law contemplates, at least, if it does not require, the bond to be filed with the clerk of the circuit court before the transcript is filed in the Appellate Court. But it is insisted that the filing of the bond was waived by the administrator by the joinder in error and the agreement for submission. There is no power in this court now to grant leave to file a bond, and if the filing of the bond was waived by the acts suggested, the appeal must be regarded as complete with the record as it is. An agreement of submission will waive all technical defects in the transcript and method of appeal, but not others. *Miller* v. *Carmichael,* 98 Ind. 236 ; *Walker* v. *Hill,* 111 Ind. 223.

But the objection pointed out in this case is not technical, but substantial. It consists of the omission of a step imperatively required by law and which constitutes a necessary part of the appeal. In the case of *Critchell* v. *Brown,* 72 Ind. 539, no appeal bond was filed, but no question was raised respecting the regularity of the appeal until after the cause was decided, when a motion was made to dismiss, and the court very properly held that the motion came too late. In the present case the right to move to dismiss the appeal has not been waived, and such motion is based upon grounds which can not be disregarded without overriding a positive law.

The appeal is dismissed.

Filed Oct. 27, 1892.