Bollenbacher *et al. v.* Whisnand, Administrator.

BOLLENBACHER ET AL. *v.* WHISNAND, ADMINISTRATOR.

[No. 18,402.   Filed September 24, 1897.]

DECEDENTS' ESTATES.—*Appeal.*—*How Perfected.*—An appeal by the administrator of a decedent's estate cannot be prosecuted under the code governing appeals in general, but must be taken under the statute regulating the settlement of decedents' estates, sections 2609, 2610, Burns' R. S. 1894 (2454, 2455, R. S. 1881), which provide that the appeal bond shall be filed within ten days after the decision complained of is made, unless the time is extended by the court to which the appeal is taken, and that the transcript shall be filed in this court within thirty days after filing the bond.

From the Monroe Circuit Court. *Appeal dismissed.*

*William H. Paynter,* for appellants.

*Louden & Louden,* for appellee.

McCABE, C. J.—This was a proceeding by petition on the part of the appellee, as administrator with the will annexed of George W. Bollenbacher, deceased, against the widow and heirs of deceased, and others interested, to sell real estate of which the testator died seized, to make assets to pay debts of said decedent, and, as incidental thereto, to set aside certain tax sales of said real estate.

A trial of the issues formed resulted in a finding that the facts stated in the petition were true, and an order and decree setting aside the tax sales and declaring a lien in favor of some of the children of the decedent who had purchased at the tax sales; also an order was made directing the administrator to sell the real estate upon certain terms specified in the order, in order to raise money to pay the debts of the decedent. This order was made on the 8th day of Novem-

ber, 1895. The motion for a new trial filed by the appellants was not overruled until the December term, on the 18th day of January, 1896, when they prayed an appeal to this court. No appeal bond was ever filed by them, nor did they offer to file such a bond.

They filed the transcript here with errors assigned thereon on the 6th day of November, 1896, nearly ten months after the judgment was rendered, dating the rendition of judgment from the date of overruling the motion for a new trial. This would have been in time if this appeal may be prosecuted under the code. Section 645, Burns' R. S. 1894 (633, R. S. 1881). But the appellee contends that this appeal can only be prosecuted by complying with the provisions of the statute regulating the settlement of decedents' estates, and has moved to dismiss the appeal for failure to so comply with the provisions of that statute. Sections 2609, 2610, Burns' R. S. 1894 (2454, 2455, R. S. 1881), provide that an aggrieved person may prosecute an appeal from any decision of a circuit court growing out of any matter connected with a decedent's estate upon filing a bond, with surety, conditioned for the diligent prosecution of the appeal, etc., and that the bond shall be filed within ten days after the decision complained of is made, unless the time is extended by the court to which the appeal is taken, and that the transcript shall be filed in this court within thirty days after filing the bond. No extension has ever been granted by this court in this case. It is settled by the decisions of this court that an appeal in just such a case as the one now before us, can only be prosecuted by a compliance with these provisions, without which the appeal must be dismissed. *Galentine* v. *Wood, Admr.*, 137 Ind. 532; *Rinehart* v. *Vail, Admr.*, 103 Ind. 159; *Webb* v. *Simpson*, 105 Ind. 327; *Seward* v. *Clark*, 67 Ind. 289; *Taylor* v. *Burk*, 91 Ind. 252; *Bake* v. *Smiley*, 84

Ind. 212; *Koons* v. *Mellett*, 121 Ind. 585; *Harrison Nat'l Bank* v. *Culbertson*, 147 Ind. 611, and cases there cited.

On the authority of these cases we are compelled to sustain the appellee's motion to dismiss the appeal. The appeal is therefore dismissed.