## LINDLEY v. DARNALL, ADMINISTRATOR.

[No. 3,391. Filed March 29, 1900.]

APPEAL AND ERROR.—*Decedents' Estates.*—*Claims.*—Under the provisions of §§2454, 2455 Horner 1897. an appeal by a claimant from a judgment disallowing his claim against a decedent's estate cannot be taken, except by leave of the court to which the appeal is prayed, without filing an appeal bond within ten days, and a transcript in thirty days, as provided by said statute.

From the Boone Circuit Court. *Appeal dismissed.*

*C. M. Zion*, for appellant.
*S. R. Artman*, for appellee.

BLACK, J.—A claim of the appellant against the decedent's estate represented by the appellee was filed in the office of the clerk of the court below on the 11th of November, 1898. The claim having been entered upon the claim docket, it was rejected by the administrator, on the 29th of November, 1898. It was transferred to the issue docket, and upon trial the court found in favor of the appellee; and thereupon, on the 14th of November, 1899, judgment was rendered in accordance with the finding. At the same term, on the 11th of December, 1899, the appellant's motion for a new trial was filed, and was then overruled. The transcript of the record was filed in this court on the 27th of February, 1900. No appeal bond appears to have

been filed, and there has been no application to this court for leave to appeal.   The appellee, on the 5th of March, 1900, moved to dismiss the appeal.

The appellee has referred in argument to the act of March 3, 1899, containing a provision that the transcript on appeal shall be filed within ninety days after filing the appeal bond, which, it is there provided, shall be filed within ten days after the decision complained of is made, unless, for good cause shown, the court to which the appeal is prayed shall direct the appeal to be granted on the filing of such bond within one year after such decision.   The statute, whatever be its effect, contains a proviso that it shall not affect pending suits or litigation, and that "the same shall be heard and determined the same as though this act was not in force."   Acts 1899, p. 397.

The action against the appellee was commenced by the filing of the claim in the clerk's office and the entry thereof upon the claim docket.   §2473 Burns 1894, §2318 Horner 1897.

For the taking of an appeal to this court by the claimant §§2609, 2610 Burns 1894, §§2454, 2455 Horner 1897, were applicable.   The appeal could not be taken, except by leave of this court, without the filing of an appeal bond and the filing of the transcript as provided in the statute.   No bond was filed, and, if one had been filed in due time, still, whether the times for the filing of the bond and the transcript should be counted from the date of the entry of judgment or from the date of the overruling of the motion for a new trial, a longer period than forty days from either of those dates had elapsed before the transcript was filed.  *Simons* v. *Simons*, 129 Ind. 248; *Ten Brook* v. *Maxwell*, 5 Ind. App. 353.

Appeal dismissed.