## IN RE PETITION OF WHISLER.

[No. 8,969. Filed May 15, 1914.]

1. APPEAL.—*Matters Relating to Decedents' Estates.*—*Statutes.*—
*Construction.*—Section 2978 Burns 1914, Acts 1913 p. 65, §3, providing for appeals in matters connected with a decedent's estate,
and fixing the time within which such appeals must be perfected,
when construed with a view to the legislative intent to facilitate
the settlement of estates, must be held to require that if a party
desires to appeal in any such matter he must either file his appeal
bond within thirty days after the decision, or, within such time
make his application to the court having appellate jurisdiction
showing cause for an order directing an appeal to be taken by
filing the bond and transcript and within 180 days after such
decision. pp. 270, 273.

2. STATUTES.—*Construction.*—Where the language of a statute is
susceptible to but one reasonable meaning, there is no room for
construction and it is the duty of the court to give to it the meaning clearly indicated by the language used. p. 270.

3. STATUTES.—*Construction.*—*Legislative Intent.*—The language of
a statute should be construed so as to give effect to the purpose
intended to be accomplished by its enactment, and to suppress
the evil intended to be remedied thereby. p. 273.

Petition by John Whisler for an order of the Appellate
Court directing an appeal from the Hancock Circuit Court
in a matter relating to the estate of a decedent, under §2978
Burns 1914, Acts 1913 p. 65, §3. *Petition denied.*

*Cook & Walker,* for petitioner.
*Arthur C. VanDuyn* and *Tindall & Tindall,* contra.

LAIRY, C. J.—This is an application by the petitioner to
this court for an order directing an appeal to be granted
from a judgment entered in a matter connected with the
settlement of a decedent's estate. The petition is filed under the provisions of §3 Acts 1913 p. 65, §2978 Burns 1914,
which, so far as applicable to the question presented reads
as follows: "That such appeal bond shall be filed within
thirty (30) days after the decision complained of is made,
unless, for good cause shown, the court to which the appeal
is prayed shall direct such appeal to be granted, on the

filing of such bond, within one hundred and eighty (180) days after such decision. * * * The transcript shall be filed in the supreme court within ninety (90) days after filing the appeal bond.'' The application for the order directing the appeal was not filed in this court until after the thirty days allowed by the statute for filing the appeal bond had expired, but it was filed within 180 days after the decision of which complaint is made. The first question presented for our decision involves a construction of that part of the statute quoted. Is this statute intended to authorize this court ''for good cause shown'' in an application filed at any time within 180 days after the decision complained of to grant an appeal to this court upon the filing of a bond, provided the bond and transcript are likewise filed and the appeal perfected within 180 days after the rendition of such judgment; or, was it the intent of the legislature that the appeal bond should be filed within thirty days after the rendition of such judgment and that the transcript should be filed within ninety days after the filing of such bond unless good cause existed for not perfecting the appeal in this manner, and that, if such cause did exist it must be presented to this court by petition within the thirty days allowed for filing the appeal bond, and that, when so presented, this court has power to direct an appeal by the filing of the bond and transcript within 180 days after the rendition of the judgment?

If a statute is clear and unambiguous, it is the duty of the court to give to it the meaning and effect that is clearly indicated by the language used. Where the language is capable of only one reasonable meaning, there is no room for construction. The court is of the opinion that this statute is susceptible to more than one meaning, that the intention of the legislature is not clearly expressed, and that it is, therefore, subject to construction by the court. The ambiguity arises from the use and application of the prepositional

phrase, "within one hundred and eighty days after such decision". It is clear that it was the intention, by this phrase, to limit the time within which some act pertaining to the appeal should be done. If the bond is not filed within the thirty days as provided, the first thing which the statute requires to be done in order that an appeal may be perfected at a later date is to show to this court good cause why the appeal can not be taken in the way first provided. If this is done, the next act required is for this court to direct such appeal and to order that it shall be granted upon filing a bond. There can be no doubt that it was intended that the time within which the appeal should be perfected was limited to 180 days, but can it be said that it was the intention to allow the same length of time within which good cause might be shown for not complying with the first provision as to the means of taking the appeal? We think not. The court is of the opinion that the limit of 180 days was intended to fix the time within which an appeal might be perfected under the direction of the court, and that the time when the other steps shall be taken is not expressly fixed. The time when these acts are required to be performed must be gathered from the entire act and from a consideration of the intent and purpose of the legislature in passing it. It is clear of course that all of the steps provided must be taken within the time limited for perfecting the appeal, for it would be useless to take any step after that time had expired; but it is not so clear that the right to take each of the steps provided should extend to the entire time allowed for perfecting the appeal. It is by no means clear that a party, feeling himself aggrieved by such a judgment, could wait until the last day of the time limit, and, on that day, file his petition showing good cause, obtain his order directing an appeal, file his appeal bond and the transcript all on the same day and thus perfect an appeal.

In requiring the appeal bond to be filed within thirty days after the judgment was entered, and the transcript on appeal

to be filed within ninety days thereafter, it was the evident purpose of the legislature to facilitate the settlement of estates. The statute provides for the taking of appeals from decisions connected with the settlement of the estates of deceased persons, and the effect of taking such an appeal is to hold the estate open and prevent a final settlement of such estate. It was no doubt the purpose of the legislature to require that a party desiring to perfect an appeal should take the first step within thirty days after the decision was rendered in order that the court in which the estate is pending and the executor or administrator whose duty it is to settle the estate speedily, may know what course to pursue. If no good reason exists why the bond should not be filed within thirty days and the transcript within ninety days after the filing of such bond, the first provision of the statute should be complied with and the bond should be filed within the thirty days provided, but if good cause exists which prevents a compliance with the first provision of the statute as to the filing of the bond or the transcript, then it is the duty of the party desiring the appeal to make such showing, within thirty days after the decision, to the court to which the appeal is prayed, and to obtain an order directing the appeal to be taken by the filing of the bond and the transcript at a later time not beyond 180 days from the date of the decision from which the appeal is to be taken. Under this construction, if no appeal bond is filed within thirty days after a decision favorable to an estate, and if no application is made within that time to the court having appellate jurisdiction, the court in which the estate is pending may proceed with the settlement of the estate and distribution of the funds; but, under the construction contended for, the court in which the estate is pending would never be safe in ordering a distribution and the final settlement of an estate until after 180 days from the date of the last decision connected with its settlement from which an appeal could be allowed.

It is a fundamental rule of statutory construction that the language of an act should be so construed as to give effect to the purpose it was intended to accomplish and to suppress the evil it was intended to remedy. If the statute under consideration were so construed as to allow the petition for the order directing the appeal to be filed at any time within 180 days after the decision from which the appeal is asked, such a construction would have the effect to completely frustrate the purpose of the act and to perpetuate the evil it was intended to remedy.

The attention of the court has been called to some cases in which appeals have been directed upon a petition filed after the time limited for filing the appeal bond by this statute, prior to its amendment in 1913. An examination of these cases will show that the question considered in this opinion was not presented or decided. *Duncan* v. *Gainey* (1886), 108 Ind. 579, 9 N. E. 470; *Atkinson* v. *Maris* (1907), 40 Ind. App. 718, 81 N. E. 745. The precise question here decided has never before been presented either to this court or the Supreme Court for decision. It is important that the settlement of estates should not be unnecessarily delayed, and to that end, we hold that, if a party desires to appeal from a decision connected with the settlement of such an estate, he is required by the statute, either to file his appeal bond within thirty days after such decision, or, within such time to make his application to the court having appellate jurisdiction for an order directing an appeal to be taken, by filing the bond and transcript later and within 180 days after such decision.

The order directing an appeal is denied.

It is ordered by the court that this opinion be published in the official reports.

Note.—Reported in 105 N. E. 158. As to the rules for construing statutes, see 12 Am. St. 827. See, also, under (1) 18 Cyc. 657, 1211, 1082; (2) 36 Cyc. 1106; (3) 36 Cyc. 1110.