STATE OF INDIANA ET AL. *v.* NAGEL.

[No. 24,608. Filed October 2, 1928.]

*U. S. Lesh,* Attorney-General, and *James L. Bottorff,* for appellant.

*Russell Willson* and *Romney L. Willson,* for appellee.

WILLOUGHBY, J.—This purports to be an appeal by the State of Indiana from a judgment of the Clark Circuit Court, discharging appellee, Harry Nagel, from the custody of the sheriff, entered in a *habeas corpus* proceeding, brought by said appellee. The appellee has moved to dismiss the appeal for the following reasons: (1) It purports to be an appeal by the State of Indiana, as a coparty with William A. Baird, sheriff of Clark County, and the transcript contains notice to said William A. Baird, as such coparty of the intention of the State of Indiana to appeal same, together with proof of service of said notice. Attached to and a part of the transcript is the refusal of said William A. Baird, to join in said appeal and the request that his name be stricken out as

appellant. Said Baird also, on March 29, 1924, filed written request to have his name stricken out as such appellant. (2) The transcript affirmatively shows that the State of Indiana is not a party to the proceedings in the court below and, therefore, is not entitled to appeal from the judgment rendered by the trial court. (3) The transcript shows that said appeal is not a term-time appeal and does not show that said William A. Baird, sheriff of Clark County, Indiana, and defendant below, served any notice of appeal from judgment on either the clerk of the Clark Circuit Court or upon appellee as required by statute for vacation appeal.

Neither the state nor any state official was a party to the proceedings in the Clark Circuit Court from which this appeal purports to be taken, and no question upon which a decision is sought on this appeal was decided or presented to said Clark Circuit Court for decision.

Section 695 Burns 1926, provides that, "appeals may be taken from the circuit and superior courts to the Supreme Court by either party," except in certain cases not necessary to consider in this proceeding. The right to appeal is wholly statutory and no one has a vested right to appeal. *Lake Erie, etc., R. Co.* v. *Watkins* (1902), 157 Ind. 600, 62 N. E. 443; *Pittsburgh, etc., R. Co.* v. *Hoffman* (1928), *ante* 178, 162 N. E. 403.

In a *habeas corpus* proceeding by a party convicted of and imprisoned for crime, where the prisoner is discharged, the State of Indiana cannot compel the sheriff or other officer having him in custody to appeal or appeal in such officer's name, where it has not been made a party in the trial court. *Baird, Sheriff,* v. *Nagel* (1924), 194 Ind. 87, 142 N. E. 9.

If the right to appeal exists, it is under §695 Burns 1926. This statute does not authorize an appeal to any one who has not been made a party to the proceedings

in the court below. In some of the states, the right of the state to appeal from a final order discharging a prisoner in *habeas corpus* proceedings has been given by statute, such statute providing that "any party aggrieved by a judgment in a *habeas corpus* proceedings may appeal from such judgment," and providing what officer is required to represent the state, when it also appears that the state had been made a party to the proceedings in the trial court. We have no such statute in this state.

It affirmatively appears from the transcript that the State of Indiana was not a party in the court below. A former appeal was taken in the name of Baird, sheriff, but was dismissed on motion of Baird, supported by an affidavit that he had not authorized the appeal. *Baird, Sheriff*, v. *Nagel, supra*. The prosecuting attorney then refiled the appeal in the name of the State of Indiana and Baird. Baird declined to join in the appeal in a written declination attached to the transcript and a part thereof and has filed a written motion asking that his name be stricken from the records. This motion was authorized under §707 Burns 1926. Attached to the record, we find a paper entitled,

"In the Supreme Court of Indiana
"State of Indiana and
"William A. Baird, sheriff of
"Clark county, Indiana, appellants,
   *vs.*
"Harry Nagel, appellee.
     "Appellant State of Indiana's
     "Assignment of Errors."

We have examined the record to which this alleged assignment of errors is attached and find that the tran-

script shows that it is the transcript of cause No. 13126 in the Clark Circuit Court, and that, in such case, Harry Nagel was plaintiff and William A. Baird, sheriff of Clark County, was the sole defendant, and that said defendant in said cause was represented by Burdette C. Lutz, county attorney, James L. Bottorff, prosecuting attorney, and Joseph H. Warder. That said cause was prosecuted to final judgment and appeal taken to the Supreme Court where the appeal was dismissed on motion of appellant, William A. Baird, sheriff, who refused to prosecute the appeal. *Baird, Sheriff,* v. *Nagel, supra.* The transcript shows that no attempt was made in the trial court to make the State of Indiana a party to the proceedings or by any one to appear on behalf of the state in such trial. That no motion for a new trial was made or attempted to be made in such court on behalf of the State of Indiana, and no exceptions taken or attempted to be taken on behalf of the state to any of the rulings made by the trial court.

Right to a new trial or to appeal to the Supreme Court or any other court depends on provisions of statutes, and a new trial can be granted or appeal taken only when authorized by statute, and then only in the manner and on the conditions and for the reason named therein. *Pittsburgh, etc., R. Co.* v. *Hoffman, supra.*

No question is presented by the record in this case for the decision of this court. The appellee's motion to dismiss the appeal is sustained. The appeal is dismissed.