### IN RE SINGLER, GUARDIAN, ETC.

[No. 16,056. Filed October 14, 1937. Rehearing denied November 23, 1937. Transfer denied December 16, 1937.]

*John G. Yeagley,* and *J. Walter Yeagley,* for appellants.

*Miller Guy,* for appellee.

BRIDWELL, C. J.—The record in this case discloses that one John Kotolinski died testate, and that at the time of his death Charles E. Singler was his duly appointed, qualified, and acting guardian; that, thereafter, the said Singler was appointed executor of the estate and served as such until his removel; that following such removal Valley G. Hepler was appointed as administrator *de bonis non* of said estate and qualified as such administrator. It further appears that the said Singler as guardian filed his final account in such guardianship to which said Hepler as such administrator and others filed exceptions. Trial was had and resulted in a decision and judgment in favor of said administrator of said estate that the said Charles E. Singler as guardian was chargeable with the sum of $3,548.59 and that the administrator should recover said amount. It was further ordered that the said Singler pay said sum into court for the use of said administrator within 30 days from the date of such decree, and that "this proceeding is continued for further order of this court." Thereafter said Singler as guardian filed his motion for a new trial which was overruled, and he excepted. This appeal followed, the error assigned being the action of the court in overruling said motion.

The jurisdiction of this court to determine this appeal on its merits is challenged by a verified motion to dismiss filed by said administrator and other parties to the record, it being asserted in said motion, among other things, that there is no proper assignment of errors and that no appeal bond has been filed as required by law.

Pending any action on the motion to dismiss, appellant filed his motion to amend the assignment of errors so that it will correctly state the name of the administrator of the estate of John Kotolinski, deceased, said administrator being now des-

ignated in said assignment as George Hepler, etc., when he should have been named as Valley G. Hepler, Administrator, etc. For reasons hereinafter apparent the granting of this motion would accomplish no good purpose, and it is therefore overruled.

It is apparent that the judgment herein is one rendered on a decision given in a controversy growing out of a "matter connected with a decedent's estate" and this being true the right to appeal is governed by the provisions of sections 6-2001, 6-2002 Burns Ind. Stat. Anno. 1933, §§3277, 3278 Baldwin's 1934. No attempt whatever was made to perfect this appeal by a compliance with such statutory requirements, and in the absence of such a compliance this court is without jurisdiction to determine the appeal on its merits, as the right to appeal is not a vested right but one granted by statute.

In the case of *Pittsburgh, etc., R. Co.* v. *Hoffman* (1928), 200 Ind. 178, 162 N. E. 403, our Supreme Court, in discussing this subject matter, said (p. 189) : "The right to . . . an appeal to this court or any other court depends upon the provisions of the statutes, and . . . an appeal [may be] taken only when authorized by statute, and then only in the manner, upon the conditions, and for the reasons named in the statute." See also *Lovett* v. *Citizens Trust, etc., Bank* (1929), 200 Ind. 608, 613, 165 N. E. 545; *State* v. *Nagel* (1928), 200 Ind. 270, 274, 163 N. E. 97.

We are of the opinion that in the instant case we have no jurisdiction other than to dismiss the appeal as no appeal bond was ever filed and no effort made to comply with the statutory requirements for an appeal in causes of this class and character.

For additional cases supporting the conclusion reached see *In re Whisler* (1914), 56 Ind. App. 269, 105 N. E. 158; *Dallam* v. *Estate of Stockwell* (1904), 33 Ind.

App. 620, 71 N. E. 911; *Lindley* v. *Darnall* (1904), 24 Ind. App. 399, 56 N. E. 861; *Vail* v. *Page* (1911), 175 Ind. 126, 93 N. E. 705; *Bollenbacker* v. *Whisnand* (1897), 148 Ind. 377, 47 N. E. 706.

The appeal is dismissed.