MᶜINTOSH *v.* LOCHAMIER'S ESTATE.

[No. 15,973.  Filed October 14, 1937.]

*Howard S. Grimm,* for appellant.

*Daniel M. Link,* for appellee.

BRIDWELL, C. J.—Appellant filed his claim against the estate of Daniel Lochamier, deceased, seeking to recover an amount alleged to be due him for services rendered to the decedent in his lifetime. In due course the cause was submitted to the court and a jury for trial which resulted in a verdict by the jury in favor of the defendant estate. Motion for a new trial was duly filed, was overruled, and judgment on the verdict followed. It was from such judgment that appellant seeks to prosecute this appeal.

A verified motion to dismiss the appeal has been filed by appellee, it being asserted therein that the appeal "involves a decision growing out of and connected with proceedings relative to a settlement of a decedent's estate," and requires that an appeal bond be filed by appellant, which has not been done, and because of such failure to file bond that this court has no jurisdiction.

It is not disputed that the judgment sought to be reviewed is one rendered in an action growing out of a matter connected with a decedent's estate, nor is it contended that any bond has ever been filed in accordance with our statutory provisions for an appeal in this class of cases, but appellant says that appellee having failed to move for a dismissal of the appeal before submission of the cause has waived the right to move for a dismissal. Conceding without deciding that appellant is right in this contention, it does not necessarily follow that this court is authorized to determine this appeal on its merits. The right to appeal is not a vested right, but is one granted by statute, and in order to confer jurisdiction upon an appellate tribunal it is required that the steps provided for by statute to consummate an appeal be taken. Jurisdiction cannot be conferred by agreement of parties, nor by lack of action on the part of the successful litigant in the court below. It is incumbent on an appellant to do

that which the legislature by statute has said he shall do in order to give jurisdiction to an appellate tribunal and vest it with the right to determine the legal questions sought to be presented by the appeal. It is within the province of one named as an appellee in an attempted appeal to acknowledge or waive the service of notice of appeal, to execute a joinder in error or an agreed submission, to appear and thus by his own voluntary act or acts confer on this court jurisdiction *over his person,* but where the statute granting the right to appeal expressly provides that the party seeking to appeal shall take certain designated steps in order to perfect the same, compliance with the statutory requirements cannot be ignored and jurisdiction conferred by some other method *not* provided for by statute.

The applicable statutes relative to appeals from judgments in actions of the class to which the instant case belongs (§§6-2001, 6-2002 Burns Ind. Stat. Anno. 1933, §§3277, 3278 Baldwin's Ind. St. 1934), provide that any persons aggrieved may prosecute an appeal upon filing with the clerk of the court a "bond with penalty in double the sum in controversy, in cases where an amount of money is involved, or where there is none, in a reasonable sum, to be designated by such clerk, with sufficient surety, payable to the opposite party in such appeal, conditioned for the diligent prosecution of such appeal, for the payment of judgment which may be affirmed, and all costs if costs be adjudged against the appellant." The appeal bond must be "filed within thirty (30) days after the decision complained of is made, unless, for good cause shown, the court to which the appeal is prayed shall direct such appeal to be granted, on the filing of such bond within one hundred eighty (180) days after such decision," and "the transcript shall be filed . . . within ninety (90) days after filing the appeal bond." The sections cited, *supra,* control the

right of appeal from judgments rendered on decisions or verdicts in actions "growing out of any matter connected with a decedent's estate," except where the appeal is prosecuted by an executor or administrator when it is provided that such an appeal may be taken without bond.

No appeal bond was filed within 30 days as our statute requires, nor has there been any application to this court to direct that an appeal be granted upon the filing of an appeal bond within 180 days from the date of the decision, January 11, 1937. Any such application which might now be made would come too late. Under the state of the record we conclude that the appeal must be dismissed. For cases supporting the conclusion reached see *Lindley* v. *Darnall* (1900), 24 Ind. App. 399, 56 N. E. 861; *Dallam* v. *Estate of Stockwell* (1904), 33 Ind. App. 620, 71 N. E. 911; *In Re Petition of Whisler* (1914), 56 Ind. App. 269, 105 N. E. 158; *Bollenbacher* v. *Whisnand* (1897), 148 Ind. 377, 47 N. E. 706; *Vail* v. *Page* (1911), 175 Ind. 126, 93 N. E. 705; *Lovett* v. *Citizens Trust etc. Bank* (1929), 200 Ind. 608, 613, 165 N. E. 545; *Pittsburgh etc. R. Co.* v. *Hoffman* (1928), 200 Ind. 178, 188, 189, 162 N. E. 403; *State* v. *Nagel* (1928), 200 Ind. 270, 274, 163 N. E. 97.

The appeal is dismissed.

Curtis, J. concurs in result.