REBSTOCK v. LUCAS, ADMINISTRATOR ET AL.

[No. 15,709. Filed January 25, 1938.]

*William J. Reed, A. L. Courtright* and *Charles E. Daugherty,* for appellant.

*Charles A. Lundin, Orville W. Nichols* and *Oscar B. Smith,* for appellees.

DUDINE, P. J.—Appellee Elmer E. Lucas, Administrator of the Estate of Nathan Rebstock, deceased, instituted this action against appellant Nancy Rebstock (widow of said decedent) and Elizabeth Stewart to recover one-half of the value of certain certificates of deposit allegedly owned by said decedent and his widow as joint owners at the time of his death. The widow had possession of the certificates at the time of decedent's

death, and thereafter appellee Elizabeth Stewart, as attorney-in-fact for the widow, surrendered said certificates to the issuer bank, and accepted new certificates therefor. Appellee Elizabeth Stewart was made a party to the cause "to answer and account as such attorney in fact for and on behalf of the defendant Nancy Rebstock."

The issues having been closed, the court made a special finding of facts, stated conclusions of law, and rendered judgment in accordance with the conclusions of law, that appellee Elmer E. Lucas, Administrator of the Estate of Nathan Rebstock, recover $9,688.31 from appellant.

Appellant attempted to appeal but the transcript does not show that an appeal bond has been filed, and therefore we hold that no appeal has been perfected.

"The right to appeal is not a vested right but is one granted by statute and in order to confer jurisdiction upon an appellate tribunal, it is required that the steps provided for by statute to consummate an appeal, be taken. . . . It is incumbent on an appellant to do that which the legislature by statute has said he shall do in order to give jurisdiction to an appellate tribunal and vest it with the right to determine the legal questions sought to be presented by the appeal." *McIntosh* v. *Lochamier's Estate* (1937), ante 149, 150, 10 N. E. (2d) 445.

It is clear that this is an attempted appeal by a person who considers himself aggrieved by a decision of a circuit court growing out of a matter connected with a decedent's estate. Such appeals are governed by Sections 6-2001, 6-2002 Burns 1933, §§3277, 3278 Baldwin's 1934, and said statutes require an appeal bond to be filed.

Since the record fails to show that an appeal bond was filed, this court does not have jurisdiction of the cause

except for the purpose of dismissing the "appeal." (For cases supporting the conclusion reached see authorities cited in *McIntosh* v. *Lochameir's Estate, supra.* See also *In re Singler* [1937], ante 415, 10 N. E. [2d] 409.)

Appeal dismissed.