IN RE ESTATE OF MEYER *v.* MEYER, ADMINISTRATOR.

[No. 30,688. Filed November 10, 1965.]

*Wayne O. Wimmer,* of Elwood and *Albert W. Eubank,* of Indianapolis, for appellant.

*Paul E. Schrenker* and *Schrenker & Anderson,* of Anderson, for appellee.

MYERS, J.—This is an appeal from a judgment awarding appellant, a practicing attorney, the sum of $5,000 as an additional fee for professional services rendered as attorney to the administrator of the Estate of Mary Meyer, Deceased.

Appellant claims to have served as attorney for the Estate of Mary Meyer from June 8, 1954, to May 9, 1963. The gross value of this estate was in the neighborhood of $250,000. Michael Meyer, Jr., appellee herein, and William Meyer were appointed as co-administrators thereof on March 19, 1956, in the Superior Court of Madison County. They continued to serve as such until June 27, 1957, when they were summarily removed without notice by the Special Judge in the case on his own motion. The Anderson Banking Company was appointed as successor administrator. It accepted the appointment and letters of administration were issued to it. The

decision and order of the Superior Court was appealed to this court which reversed the trial court and remanded the proceedings with instructions to set aside the order removing appellee herein as co-administrator and for further proceedings. The date of this court's opinion is October 30, 1961, with rehearing denied on June 25, 1962. *Meyer* v. *Anderson Banking Co.* (1962), 243 Ind. 145, 177 N. E. 2d 662.

On July 2, 1956, appellant was allowed $10,950 as attorney fees for services rendered to the estate as of that date. On November 27, 1961, he was allowed $500 for attorney services rendered in the appeal to this court. On the same date, appellant filed his petition for additional attorney fees for professional services furnished between July 2, 1956, and November 27, 1961.

The Anderson Banking Company, as administrator de bonis non, filed its final report on May 9, 1963, and was replaced by Michael Meyer, Jr., appellee herein, as administrator in accordance with the order of this court. At this time, appellant ceased acting as attorney for the estate and was replaced by Paul E. Schrenker. On October 8, 1963, appellee, as administrator, pursuant to the filing and approval of Anderson Banking Company's final report, filed an answer to appellant's petition for fees, stating that appellant had been amply paid for his services. It is admitted that at all times during its tenure as administrator, Anderson Banking Company had asked for advice from appellant.

On September 14, 1964, appellant filed a supplemental petition for additional fees for services allegedly rendered since November 27, 1961. Meanwhile, Hon. George B. Davis, Judge of the Hancock Circuit Court, had been selected as Special Judge to determine all matters concerning attorney fees. There was a hearing on September 30, 1964, by the court without the intervention of a jury. On October 14, 1964, the following entry was made:

"IN THE MATTER OF THE ESTATE
OF MARY MEYER, DECEASED.

"Comes now the Court and being duly advised on the petition for allowance of additional attorneys fees for services rendered by Wayne Wimmer, which petition was filed December 8, 1961 and the supplemental petition for allowance of attorney fees filed September 14, 1964 now finds that the services rendered by said Wayne Wimmer as attorney for the administrator herein an addition to those services for which he has already been paid are of the reasonable value of $5,000, wherefore it is ordered, and adjudged that the administrator shall pay an additional fee to Wayne Wimmer for services rendered by him as attorney for said administrator in the sum of $5,000.00.

"JUDGMENT
"GEORGE B. DAVIS
"Special Judge"

Appellant filed a motion for new trial on October 21, 1964, which stated generally that the decision was not sustained by sufficient evidence, was contrary to law, and that there were certain irregularities which prevented appellant from having a "fair trial." The motion was overruled and this appeal followed.

Appellant asserts that this is an appeal from an interlocutory decree which gives the Supreme Court jurisdiction, pursuant to Burns' Ind. Stat., § 2-3218, 1946 Replacement, Clause 1, which reads as follows:

"An appeal to the Supreme Court may be taken from an interlocutory order of any circuit, superior or probate court, or judge thereof, in the following cases:
"First. For the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidences of debt, documents or things in action."

However, he sought to protect himself in the event that this was determined to be an appeal from a final judgment. He filed a motion for new trial following the entry made by the trial court which was overruled the same day it was filed. In his assignment of errors, he says as follows:

"6. That in the event, that this Court should interpret said decision as constituting a final judgment herein, under the authority of Bahre v. Bahre, recently decided and not officially reported, the appellant herein, as an additional assignment of error, herein avers that the trial court committed manifest error in the judgment and proceedings below, prejudicial to the appellant, in that the Trial Court erred in overruling the Appellant's motion for New Trial.

"Wherefore, appellant respectfully urges that the judgment below be reversed."

The first sentence of appellant's Argument as set forth in his brief states as follows:

"The appellant has filed this as an interlocutory appeal, however, reserving the question as to whether this is in fact an appeal from a final judgment."

He then proceeds to defend his position that this is an appeal from an interlocutory decree due to the fact that the estate was still open and no final accounting or disposition had been made by the reinstated administrator at the time of the court's finding and entry. He attempts to distinguish the case of *Butler University* v. *Danner* (1943), 114 Ind. App. 236, 243, 50 N. E. 2d 928, 930, 51 N. E. 2d 487, which he claims does not apply herein. That case held that an allowance for attorney fees which was "a final allowance of fees made in anticipation of immediate final settlement of the estate" was a final judgment and not an interlocutory decree. The Appellate Court stated therein:

"The judgment under consideration was not an *ex parte* order but was entered after issues had been joined and the evidence admissible under the issues had been presented by both sides and fully and completely heard."

In the case at bar we have a petition and supplemental petition filed by appellant for attorney fees up to date of May 9, 1963. An answer was filed to the petition which put at issue the allegations contained therein. A trial was held before Special Judge Davis, evidence was introduced and witnesses were heard on the part of both parties. Appellant testified

that he had been the attorney for the estate from June 8, 1954, to time of filing and approval of the final report of the Anderson Banking Company on May 9, 1963. He said that when that Company was discharged as administrator he ceased to be the attorney. In so far as appellant was concerned, his duties as attorney were at an end, and the trial and decision of the court finally determined all rights of the parties involved as to his fees. There was nothing further to be resolved in the future even though the estate was kept open since his connections with it admittedly were completely severed. Thus, the holding in the *Butler* case, *supra,* applies. We hold that the finding and entry of October 14, 1964, constituted a final judgment and was not an interlocutory decree. See Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, *What Constitutes a Final Judgment,* Ch. 41, § 2152, p. 18.

Pursuant to Burns' Ind. Stat., § 4-214, 1946 Replacement (Supp.), the Appellate Court of Indiana has jurisdiction of this appeal since the cause does not fall within the specified classes of appeals which shall be taken directly to the Supreme Court.

It is to be noted that in the recent case of *Pelkey, Admrx., etc.* v. *Strom* (1963), 135 Ind. App. 163, 187 N. E. 2d 753 (Pet. to Transfer Denied, 244 Ind. 337, 191 N. E. 2d 711), the Appellate Court assumed jurisdiction of an appeal involving a disputed claim for attorney fees in an estate which remained open and pending at the time the action was taken and determined. The attorney had been replaced in much the same fashion as in the case at bar. He was awarded attorney fees by the trial court and judgment entered. An appeal was taken by the administratrix of the estate. No question was raised by the Appellate Court that this was anything other than an appeal from a final judgment. The factual situation in the *Pelkey* case relating to the jurisdictional issue is in no way distinguishable from the present case.

This appeal is ordered transferred to the Appellate Court of Indiana in accordance with the provisions of Supreme Court Rule 2-41.

Jackson, C. J., and Arterburn, J., concur. Landis, J., concurred November 2, 1965. Achor, J., not participating.

NOTE.—Reported in 211 N. E. 2d 305.